In re MITCHELL.

(District Court, S. D. New York. June 30, 1909.)

EXTRADITION (§ 13*)—BAIL—POWER OF COURT.

A Circuit Court of the United States has power independently of statute to admit to bail in a case of foreign extradition pending examination, but such power should be exercised only under the most pressing circumstances. However, where the plaintiff in an action in New York involving his whole fortune was arrested on an extradition warrant from Canada the day before the trial of his case was to begin, at the instance of the adverse party, the hardship is such that the court is justified in enlarging him on bail until the trial of his case can be completed.

[Ed. Note.—For other cases, see Extradition, Dec. Dig. § 13.*]

On Application for Admission to Bail Pending Extradition Proceedings.

Littlefield & Littlefield, for petitioner.
Charles Fox, for the Canadian Government.

HAND, District Judge. In this case the petitioner applies for bail under special circumstances. He has been arrested on extradition papers which have been issued from Canada and under which he is charged with what, in the state of New York, would be larceny. A warrant has been issued by Commissioner Alexander, and he is at present in the Tombs prison awaiting the final determination upon his extradition. The warrant was issued against him Thursday, June 24th, which was just upon the eve of a trial in the Supreme Court of the state of New York, in this county, in which he is the plaintiff and the moving parties in the extradition proceedings are the defendants. The trial commenced on the 25th, and I then issued a habeas corpus ad testificandum, upon which he appeared in court on the 25th and testified. The suit involves a very large sum of money; indeed, from the papers, I understand that it involves all the fortune of the prisoner. The application is made to enlarge him upon bail for the reason that at present he is entirely unable to consult with his counsel and prepare for the remainder of the trial, which will consume, probably, the 28th, 29th, and 30th days of June. The application is opposed by the Canadian agent with much vigor, who contends that I have not the power to grant bail in such cases. My understanding of Wright v. Henkel, 190 U. S. 40, 23 Sup. Ct. 781, 47 L. Ed. 948, is that the existence of the power was distinctly affirmed by the Supreme Court. The court at the same time clearly indicates its judgment that the power should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory; but still I cannot read that opinion without recognizing that the court understood the power to exist.

The petitioner also relies upon Pettit v. Walshe, 194 U. S. 205, 24 Sup. Ct. 657, 48 L. Ed. 938, which construed the proviso of the sundry civil act of 1894 (Act Aug. 18, 1894, c. 301, 28 Stat. 416

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

171 F.—19

[U. S. Comp. St. 1901, p. 717]) as applying to extradition cases. I do not, however, interpret that proviso or the opinion as indicating that the Supreme Court in any sense meant to do more than say that section 5270 of the Revised Statutes (U. S. Comp. St. 1901, p. 3591) was modified pro tanto by the sundry civil act, and only to the extent of providing that the extradited person must be brought before the nearest commissioner. We should not interpret that opinion as independently recognizing the right to take bail, but that right must depend entirely upon Wright v. Henkel, supra. In several cases in this district commissioners and judges have issued bail under similar circumstances, and while I quite agree with the learned counsel for His Majesty's government that the right is a dangerous one, and ought to be exercised with great circumspection, it seems to me that the hardship here upon the imprisoned person is so great as to make peremptory some kind of enlargement at the present time, for the purpose only of free consultation in the conduct of the civil suit upon which his whole fortune depends. Those special circumstances alone move me to allow him to bail, and his enlargement is to be limited strictly to the period of that suit. As soon as that is terminated he must be returned to. the Tombs prison to await the determination of the commissioner upon the extradition proceedings. Until, however, that suit is terminated, I will order him released upon bail in the sum of $3,000. I am also moved to this disposition from the fact that he has long known of these proposed proceedings and has made no effort to avoid them or to escape.

Let an order be entered to that effect.