## UNITED STATES ex rel. McNAMARA v. HENKEL, Marshal.

District Court, S. D. New York.
Jan. 26, 1912.

O'Gorman, Battle & Marshall, of New York City, for relator.

Mr. Fox, for the Consul of Great Britain and Ireland.

HOUGH, District Judge.

There is no contention as to what actually happened when relator was arrested.

What was done in this case has beyond question been the practice in this district for many years. As it has been challenged, I have looked into it afresh. In my judgment, it is within the letter and spirit of most, if not all, of our extradition treaties, and particularly of that with Great Britain, to arrest and hold for a reasonable time pending examination a person accused of crime abroad, and to do this on telegraphic request, provided the request is made by such person or persons that officials here representing both the high contracting parties are justified in believing the truth of the statements contained in the telegram. Any other system of working under extradition treaties would be impossible, and in these days of easy communication and rapid travel would facilitate the escape of persons who, if not criminals, do not care to meet their accuser.

On authority this view is supported by Yordi v. Nolte, 215 U. S. 227, 30 S. Ct. 90, 54 L. Ed. 170, and cases cited, and by Moore on Extradition, § 287, and cases cited.

So far as the admission to bail of persons in the position of this relator is concerned, I see no reason to depart from the practice I have for some years adhered to— that the power to admit to bail exists is admitted; that it is ever advisable to admit to bail prior to the date of a reasonably early examination is denied. When the examination day comes and the complainant is not ready to proceed after having had a reasonable opportunity to communicate with the region from whence the request for extradition emanated, it is then time enough to ask for bail.

Yet even then it is not easy for me to conceive of circumstances that should move the court to admit to bail and not to dismiss the proceeding. In other words, admission to bail and extradition should be in practice an unusual and extraordinary thing, for the whole proceeding is opposed to our historical ideas about bail.

Bail is taken in all our courts on the theory of punishing, if not the accused, at least his friends, in the event of his absconding; but there the party seeking to inflict punishment is the commonwealth—state or national.

Persons accused of crime in foreign lands have not, presumably, violated the laws of this country; it is therefore absurd for our state or nation to collect money from the friends of the accused. If the bail, however, be so drawn as to cause the money collected on forfeiture to flow to the demanding government, the situation from an inter-

national viewpoint is ridiculous, if not insulting.

The writ is discharged and the relator remanded.