## In re KLEIN.

District Court, S. D. New York.
Nov. 24, 1930.

Max D. Steuer and Ben Herzberg, both of New York City, for Arthur J. Klein.

Edward H. Lockwood and Howard Thayer Kingsbury, both of New York City, for the British Consul General.

CAFFEY, District Judge.

I have conferred with the Commissioner and have listened to counsel for both sides in regard to bail. Under authority by which I am bound and on principle I think the result is the same. It seems to me inescapable.

We are dealing with a national of the demanding country. He seeks bail pending examination. Indisputably he is not entitled to it as of right. Wright v. Henkel, 190 U. S. 40, 23 S. Ct. 781, 47 L. Ed. 948. Undoubtedly also the court has power to grant it. Id. Nevertheless, we have been admonished to exercise the power very sparingly and only when the justification is pressing as well as plain. In re Mitchell (D. C.) 171 F. 289; U. S. ex rel. McNamara v. Henkel (D. C. S. D. N. Y. January 25, 1912), 46 F.(2d) 84, per Hough, J.

Here I see nothing out of the ordinary. Customarily, when removal is resisted, several weeks must intervene after arrest before any European foreign office is prepared to present evidence in support of its application. If, because of the time requisite to get from London proof that is to be offered before the Commissioner, the alleged fugitive were now enlarged on bail, then there should be bail, when asked for, in practically every international extradition case. If such a rule were adopted, not alone would the judges exceed the proper limits of their authority as declared by the highest court, but manifestly they would incur grave risk of frustrating the efforts of the executive branch of the government to fulfill treaty obligations.

The sole additional ground assigned for release during the interim while papers are awaited is the discomfort of the jail in which incarceration must be endured. That, however, is an unavoidable incident. One who voluntarily leaves his home shores for ours is subject alike to the disadvantages and the advantages that ensue from any applicable provision of a treaty between the two states concerned.

Inasmuch as there are no unusual circumstances in the present case, I am clear, therefore, that bail should not be allowed.

It is, and long has been, the practice for commissioners to request advice of the court in the discharge of their duties when faced with a question which they deem important or novel. The situation in hand is a mere illustration of that practice, and I am confident that the Commissioner will accept my view of the law. In consequence, I think it is not necessary to discuss the procedural matters which have been argued.