Marcos Perez JIMENEZ, Appellant,

v.

Manuel ARISTIGUIETA, Intervenor-
Appellee,

Guy W. Hixon, Appellee.

Nos. 19507, 20266.

United States Court of Appeals
Fifth Circuit.

March 1, 1963.

**650**

David W. Walters, Miami, Fla., for appellant.

Howard C. Westwood, Washington, D. C., William G. Ward, Miami, Fla., and William H. Allen, Washington, D. C., for appellee Manuel Aristeguieta.

Irving Jaffe, Atty., Dept. of Justice, Washington, D. C., Edith House, U. S. Atty., Miami, Fla., for appellee Guy W. Hixon.

Before JONES and BELL, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge.

The history of this case prior to the proceedings discussed below is reflected in the opinion of this court issued on December 12, 1962 reported in 311 F.2d 547.

Upon being informed that this court had affirmed the judgment of the District Court, William A. McRae, Jr., Judge, of August 23, 1961, dismissing appellant's petition for habeas corpus and discharging the orders to show cause issued thereon and directing the issuance of the mandate of the court forthwith, the District Court entered an order, on December 12, 1962, revoking appellant's bond and remanding him to custody. Immediately thereafter, appellant filed two motions in this court: (1) to vacate the order of the District Court, McRae, Judge, December 12, 1962, revoking appellant's bond and remanding him to custody; and (2) to stay or recall the mandate of this court. The prayer of both motions contained a request for release of appellant on bail. Upon the hearing of these motions on January 4, 1963 this court was advised that the District Court had entered an order on December 21, 1962 denying a motion filed in that court on December 19, 1962 with a supporting memorandum which sought to vacate the District Court order of December 12, 1962 as entered without jurisdiction or in the alternative to vacate the order of December 12 and release the appellant on bail "pending appeal in any event", and that appellant had filed notice of appeal from such order on January 3, 1962. This court continued its hearings to permit counsel to file a stipulated record on appeal to include an appeal from the above mentioned orders of the District Court of December 12 and 21, 1962.[1] On January 16, 1963 appellant filed in this court his Supplementary Motion for Enlargement on Bail Pending Proceedings in the Supreme Court seeking bail pending review under Rule 49 of the Rules of the Supreme Court. On February 4, 1963 appellant filed in this court a motion for stay of execution of this court's decree of December 12, 1962 and for supersedeas.

We are of the opinion that all of these motions of appellant are without merit.

### I.

The order of December 12, of the District Court, revoking bail and remand-

---

[1] On January 10, 1963 the District Court entered another order, from which no appeal is taken, denying for lack of jurisdiction another motion for release of appellant on bail pending review filed in that court on December 28, 1962. The reasons urged for bail in the December 28 motion are the same as those presented to the same court before the entry of its order of December 21 from which appellant had filed notice of appeal on January 3, 1963.

ing appellant to custody, was in strict accordance with the terms and conditions of the original order enlarging appellant on bond "until further order of court" contained in the judgment of the District Court of August 23, 1961, discharging the orders to show cause. Judge McRae made it very clear at the time that he was not granting bail "pending appeal", that the order was a special one in which the habeas corpus court reserved continuing control over the custodial status of appellant in accordance with appellant's "oral application for continued enlargement on bail *pending further order of this* [district] *court."* In order to avoid unnecessary hardship to appellant on the one hand and the risks of an outright enlargement on bail pending review on the other hand, Judge McRae took the middle course under the precise language of Supreme Court Rule 49(2) authorizing an order that appellant be "detained in other appropriate custody" by providing in his original custody order of August 23, 1961 that appellant "shall not leave the land area of the County of Dade, State of Florida without the prior written permission of this court." This order, designed to reserve continuing control and close supervision of appellant, was detention "in other appropriate custody" both in law and in fact. See Jones v. Cunningham, 83 S.Ct. 373.

Appellant accepted his freedom under this special order and on different occasions after its entry, both before and after the filing of his notice of appeal on October 13, 1961, invoked the jurisdiction of the District Court under that order by asking for many, and obtaining some, modifications of such order.

In his brief in this court resisting appellee's motion for revocation of appellant's bail, appellant asserted that:

"* * * the motion for revocation of bond is improperly taken before the United States Court of Appeals for the Fifth Circuit pursuant to Rule 33(4) of the Rules of this Court. There is presently outstanding an order issued by the judge of the district court in which the deci-

sion on the habeas corpus proceedings was rendered, which enlarged the appellant under bond pursuant to Rule 33(2) of this Court. A bond was posted pursuant to that order, and the motion of the appellee is directed towards the revocation of that bond. The order of enlargement under bond has never been vacated, nor has there ever been any attempt to vacate the order by appropriate motion in the District Court having jurisdiction over the person of the appellant, neither has an appeal been taken by the appellee or appellee-intervenor of the District Court's order of enlargement. The order must stand unless vacated, and a motion to revoke the bond directed to the Court of Appeals is improper * * *" (Memorandum in Support of Appellant's Motion to Strike, p. 3)

and that:

"It is clear that the appellate courts have felt that the trial judge in the District Court, by virtue of having the benefit of the presence of the appellant and having had charge of the proceedings, is better equipped to render judgment on an application for enlargement on bail. Petition of Johnson, 72 S.Ct. 1028 [96 L.Ed. 1377] (1952); Pino v. Nicolls, 211 F.2d 393 (1 Cir. 1954); United States [ex rel. Kuong Hai Chew] v. Colding, 105 F.Supp. 857 (EDNY 1952); York [ex rel. Davidescu] v. Nicolls, 159 F.2d 147 (1 Cir. 1947); Ward v. United States, 76 S.Ct. 1063 [1 L.Ed.2d 25] (1956)." (Memorandum in Support of Appellant's Motion to Strike, p. 4)

■ The order of the District Court of December 12, 1962 revoking appellant's bail was entered after the unanimous decision of this court affirming the District Court judgment of August 23, 1961, dismissing appellant's petition for habeas corpus and discharging the orders to show cause issued thereon, which judgment enlarged appellant only "until further order of Court." This court's decision issued December 12, 1962 directed

that "the mandate of the Court shall issue forthwith." The District Court then had jurisdiction to enter its order revoking bail and remanding appellant to custody. Sprague v. Ticonic National Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939).

■ The District Court had inherent power as the habeas corpus court or judge to enter the order of August 23, 1961, respecting the custody or enlargement of appellant. Johnston v. Marsh, 227 F.2d 528, 531, 56 A.L.R.2d 661 (3 Cir., 1955), citing In Re Kaine, 14 How. 103, 133, 55 U.S. 103, 133, 14 L.Ed. 345; Wright v. Henkel, 190 U.S. 40, 63, 23 S.Ct. 781, 47 L.Ed. 948 (1903); Principe v. Ault, 62 F.Supp. 279, 282 (NDOhio, 1945). The unanimous opinion in Johnston v. Marsh, supra, states:

> "We think the basis of the judge's authority in this case is the fact that there is a prisoner before him over whom he has jurisdiction and where his power to act judicially is expressly conferred by statute * * * (28 U.S.C. § 2241)" Id., p. 530.

Judge Hastie (concurring) adds that:

> "The controlling concept (is) that the body is being held pendente lite under authority and subject to the order of the court which has issued the writ. * * * (T)he particular interim disposition which the court makes of the body is a judicial function of that court to be discharged, absent any controlling statute, in the exercise of juridical discretion, all relevant circumstances considered. * * *" Id. p. 532.

■ Nothing in Rule 49 of the Supreme Court or Rule 33 of this court deprives the District Court of the right to revoke appellant's bond and remand him to custody.

These rules are addressed to the appellate courts or judges and not to the District Court or judge "close to the scene." Stack v. Boyle, 342 U.S. 1, 11, 72 S.Ct. 1, 96 L.Ed. 3 (Jackson, J.)

■ Even if such rules be given the unwarranted construction that they vest exclusive authority over custodial status of habeas corpus petitioners in the appellate courts, Supreme Court Rule 49, authorizing the court of appeals (and its judges) to make custodial orders, empowers the court of appeals to delegate such authority to the District Court (or judge), as this court did by its Rule 33 (2) authorizing the "court or judge rendering the decision" to determine the matter and by affirming Judge McRae's judgment expressly reserving custodial status over appellant.

The rule-making statutes, 28 U.S.C. § 2071 authorizing all courts to prescribe rules for the conduct of their business and § 2072 authorizing the Supreme Court to prescribe rules for the District Courts in civil actions (which do not deal with custody or enlargement of habeas corpus petitioners), raise some doubt of the power of appellate courts to limit the authority of a habeas corpus court or judge.

In Pino v. Nicolls, 211 F.2d 393, 396 (1 Cir., 1954), the First Circuit Court stated:

> "Of course this court, as a court of appeals, has no power to prescribe the procedure in the district court with reference to admitting to bail after the district court has discharged the writ of habeas corpus."

And the Third Circuit, in Johnston v. Marsh, supra, 227 F.2d at 531 n. 8, said:

> "We do not think that Supreme Court Rule 49, 28 U.S.C. and our Rule 15 (the Third Circuit Rule similar to Fifth Circuit Rule 33) deny the existence of inherent power. * * * Instead, they merely regulate its exercise pending appeal from certain specified determinations."

## II.

Appellant's request for an independent order of this court admitting him to bail should be denied.

Congress has provided that upon the extradition magistrate's certification to

the Secretary of State of his finding of probable cause, the magistrate "shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made." 18 U.S.C. § 3184.

In Wright v. Henkel, supra, the Supreme Court said:

"We are unwilling to hold that the Circuit Courts possess no power in respect of admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief. * * * (N)o error was committed in refusing to admit bail * *."

In an ordinary case, in determining whether "special reasons" existed to justify disturbing the lower court's order respecting bail, Mr. Justice Douglas, in Petition of Johnson, 72 S.Ct. 1028, 1031, 96 L.Ed. 1377, 1380 (1952), said: "In evaluating those reasons, I show great deference to the adverse action of the lower court." And in Fernandez et al. v. United States, 81 S.Ct. 642, 5 L.Ed. 2d 683, Mr. Justice Harlan said:

"I do not feel that I can say that the trial judge here acted arbitrarily or capriciously in determining that the expeditious conclusion of the trial required the remand of all the defendants, the only basis on which I would be warranted in interfering with the action of the trial judge in a matter of this kind."

▮▮ Appellant no longer has an appeal as of right. 28 U.S.C. §§ 1252, 1254 (2). His only review is by petition for certiorari. Supreme Court Rule 19. He

has not shown special reasons justifying this court in releasing him on bail. On the contrary, all of the relevant facts and circumstances existing at this time, and when the District Court entered its orders on December 12, 1962 revoking bail and December 21, 1962 refusing to vacate that order or grant bail and the "likelihood that bail within tolerable limits will not insure"[2] his presence for surrender in accordance with the treaty, if so determined, all lead to the conclusion that the more reasonable and proper course is to deny appellant further release on bail.

### III.

Appellant filed no application for rehearing in this court. The motions to stay or recall this court's mandate and for supersedeas are denied with the exception that this court's order of December 13, 1962 ordering that the appellant shall not be removed from Dade County, Florida, is continued in force and effect for the period of time within which appellant may make timely application for a writ of certiorari from the Supreme Court of the United States and thereafter, if such application be made, until the final disposition of the cause by the Supreme Court.

No amount of money could answer the damage that would be sustained by the United States were the appellant to be released on bond, flee the jurisdiction, and be unavailable for surrender, if so determined. The obligation of this country under its treaty with Venezuela is of paramount importance.

The orders appealed from are affirmed and appellant's motions in this court are denied except as to the above stated provision for stay with respect to removal of appellant from Dade County, Florida.

2. Ward v. United States, 76 1063, 1065–1066, 1 L.Ed.2d 25, 27–28 (Frankfurter, J.)