UNITED STATES of America,
Appellant,

v.

Scott WILLIAMS, Appellee.

Misc. No. 79–8102.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1979.

Decided Oct. 12, 1979.

Edward F. Harrington, U. S. Atty., and Robert B. Collings, First Asst. U. S. Atty., Chief, Crim. Div., Boston, Mass., on motion for stay and memorandum in support thereof, for appellant.

William A. Brown and Brown & Webster, Boston, Mass., on memorandum in opposition thereto, for appellee.

Before CAMPBELL, and BOWNES, Circuit Judges.

PER CURIAM.

Appellee Williams was arrested on September 26, 1979 pursuant to a warrant issued by a United States Magistrate in Boston. The warrant was issued on the basis of a telegraphic communication from the Government of Canada to the Department of State requesting the extradition of Williams to face a charge of conspiracy to import a narcotic. A hearing before a magistrate to determine whether appellee should be extradited has been scheduled for October 31, 1979. On October 4, the district court ordered appellee released on bail pending the hearing. On October 5, a judge of this court stayed that order.

In a case involving foreign extradition, bail should not be granted absent "special circumstances." *Wright v. Henkel*, 190 U.S. 40, 63, 23 S.Ct. 781, 47 L.Ed. 948 (1903); *Beaulieu v. Hartigan*, 554 F.2d 1 (1st Cir. 1977). Here, the district court reasoned that the special circumstances rule should be confined to cases where the question of extradition has been resolved after a hearing. The court held in the alternative that special circumstances had been shown, inasmuch as appellee's brother, facing an extradition hearing on the same charge in the Southern District of New York, has been released on bail over the government's objection.

■ The district court erred in limiting the "special circumstances" rule to post-hearing bail applications. *Wright v. Henkel* itself was a case of pre-hearing confinement, 190 U.S. at 41, 57, 23 S.Ct. 781, a fact which, the Court ruled, did not distinguish it from post-hearing bail applications. *Id.*

at 62, 23 S.Ct. 781. *See also In re Klein,* 46 F.2d 85 (S.D.N.Y. 1930), *United States ex rel. McNamara v. Henkel,* 46 F.2d 84 (S.D.N.Y. 1912) (pre-hearing bail denied in absence of special circumstances); *In re Mitchell,* 171 F. 289 (S.D.N.Y. 1909) (L. Hand, J.) (pre-hearing bail granted upon showing of special circumstances). We have discovered no cases confining *Wright v. Henkel* to post-hearing bail applications.[1]

Nor do we think that the circumstance that appellee's brother has been released on bail is sufficiently "special" to permit appellee's release. Previous cases have limited "special circumstances" to situations where "the justification is pressing as well as plain," *In re Klein, supra,* or "in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." *In re Mitchell, supra.* Such circumstances may include a delayed extradition hearing, *see McNamara, supra,* and the need of the defendant to consult with his attorney in a civil action upon which his "whole fortune" depends, *Mitchell, supra.* In contrast, the discomfiture of jail, *Klein, supra,* and even applicant's arguable acceptability as a tolerable bail risk, *cf. Beaulieu v. Hartigan,* 430 F.Supp. 915 (D.Mass.), *rev'd mem.* 553 F.2d 92 (1st Cir. 1977), are not special circumstances. In the present case, while it may appear unfair that appellee should remain incarcerated while his brother is released on bail, such inequality of treatment does not constitute a sufficiently grave special circumstance to justify bail.

The order of the district court is reversed.[2] Mandate to issue forthwith.

---

1. *Beaulieu v. Hartigan,* 554 F.2d 1 (1st Cir. 1977), involved an appeal from the district court's denial of habeas corpus and granting of bail following an extradition hearing. Its language stating that bail should be limited to "special circumstances" therefore arguably applies only in the post-hearing context. The published opinion in *Beaulieu,* however, followed a stay and a reversal of a district court order of bail in a pre-hearing context. *See*

*Beaulieu v. Hartigan,* 430 F.Supp. 915 (D.Mass.), *rev'd mem.* 553 F.2d 92 (1st Cir. 1977). The unqualified language in *Beaulieu,* 554 F.2d 1, should therefore be read to apply to pre-hearing bail applications as well.

2. The district court remains free following remand to expedite the extradition hearing, if feasible.