**In the Matter of the Extradition of Achim Fink nee KRICKEMEYER, a Fugitive From the Justice of Germany.**

No. 81–8256–Civ. JCP.

United States District Court, S. D. Florida.

July 24, 1981.

Michael Cohen, Asst. U. S. Atty., Miami, Fla., for petitioner.

George A. Kokus, Miami, Fla., for respondent.

**ORDER DENYING REVIEW FOR LACK OF JURISDICTION**

PAINE, District Judge.

This extradition matter was assigned to Magistrate Patricia Jean Kyle in accordance with the usual custom in this District. Such assignment conforms with 28 U.S.C. § 636(a)(1) and 18 U.S.C. § 3184.

In the course of proceedings the Magistrate granted bail, finding there were special circumstances in this case that made such action appropriate. The United States has petitioned this Court to review the Magistrate's decision regarding bail. Judge Kyle stayed Mr. Fink's release to permit the government to make this appeal.

The threshold question, and the only one which is reached here, is whether this Court has jurisdiction to review the Magistrate's ruling.

The government contends that this district's Local Rules provide for review of the matter. Local Rule 10 G 3 says "Any party aggrieved by a magistrate's ruling shall have the right to petition the district judge to whom the case is assigned for a hearing." And Local Rule 5.5 provides for a duty judge who shall preside over "Matters arising from Magistrate's proceedings which are not assigned to a District Judge, including but not limited to applications for reduction of bonds and competency examinations." The government further relies on *United States v. Renfro*, 620 F.2d 497 (5th Cir. 1980). The government concedes that the Magistrate's final ruling on the issue of extradition is not appealable. But it argues that the issue of bail is an interlocutory matter and the inherent supervisory authority of the district court permits review of the granting of bail. In essence the government position is that while the Magistrate has jurisdiction to hear the matter of extradition, the matter of bail is not part of this jurisdiction unless it is assigned to be heard. And assigned matters may be reviewed by district judges in accordance with 28 U.S.C. § 636(b)(1)(A) and our Local Rules. The Magistrate's jurisdiction to grant bail was not contested by the government, so it must accept that the assignment was made by implication when the underlying extradition was given to Judge Kyle. The Court would disagree with this reasoning.

Under 28 U.S.C. § 636(a)(1) and 18 U.S.C. § 3184, power has been conferred upon Magistrates to hear extradition matters. This power has been conferred by an Act of Congress as distinguished by the more limited jurisdiction by designation under 28 U.S.C. § 636(b). Local Rule 10 G is directed to the review of non-dispositive matters that have been designated to be heard by Magistrates in this district. Likewise Local Rule 5.5 serves the same purpose when a matter has yet to be assigned to a district judge. *Renfro*, supra, is concerned with

this sort of review. Moreover, 10 G applies to the setting of bail under the Bail Reform Act of 1966, 18 U.S.C. § 3141, which is not applicable in this case. But extradition matters need not be assigned to district judges. The statutory scheme would suggest that since the Magistrate is empowered to make final disposition of the extradition matter, the district court is not vested with the power to review the Magistrate's final decision. *Bruno v. Hamilton*, 521 F.2d 114 (8th Cir. 1975). An appeal, if available, would be to the court of appeals.

That the review of the granting of bail is an interlocutory rather than a final matter is a distinction without a difference. The ability to take an interlocutory appeal concerns the timing of the appeal as opposed to whom the appeal is made. Moreover, it makes little sense to confer the power to make a final disposition as to extradition under (a)(1) while maintaining that bail is a reviewable (b)(1) matter. Certainly the Magistrate, as the judicial official who makes the final decision, is in the best position to weigh the factors regarding bail. Furthermore, though the Magistrate is not an Article III officer, no constitutional difficulty is perceived with this delegation by Congress. *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

It is noted that in *United States v. Williams*, 611 F.2d 914, 915 (1st Cir. 1979) the government appealed the district judge's order granting bail pending the hearing before the magistrate. That case did not discuss the issues of the magistrate's authority to grant bail or the jurisdiction to entertain such an appeal by the government. Therefore *Williams* does not provide a precedent for the instant case. It is

ORDERED and ADJUDGED that the United States' petition for review of the Magistrate's decision to grant bail is dismissed for lack of jurisdiction.