In re EXTRADITION OF Houchang GHANDTCHI.

UNITED STATES of America, Appellant,

v.

Houchang GHANDTCHI, Appellee.

No. 83–5019.

United States Court of Appeals, Eleventh Circuit.

Feb. 11, 1983.

Linda Collins Hertz, Michael Hershey, Asst. U.S. Attys., Miami, Fla., for appellant.

Robert C. Byrne, Plantation, Fla., for appellee.

Before GODBOLD, Chief Judge, and FAY and CLARK, Circuit Judges.

GODBOLD, Chief Judge:

The defendant Houchang Ghandtchi is wanted by the government of West Germany for various violations of that country's tax laws. Pursuant to 18 U.S.C. § 3184 and an extradition treaty with West Germany, the United States instituted extradition proceedings against the defendant before a magistrate. Some time after the defendant was taken into custody, the magistrate ordered him released on a five hundred thousand dollar bond, pending an extradition hearing, concluding that "special circumstances" justified his release on bail. The United States immediately sought in district court a temporary stay and review of the magistrate's order. The district judge, in a conference telephone call with the parties, ruled that he lacked jurisdiction to review the magistrate's bail decision. The United States filed an emergency appeal with this court and obtained an emergency stay of the defendant's release on bail. We determined that this court lacked jurisdiction because district court had not entered judgment, and we dismissed the appeal.

The district court has now entered judgment and the government has appealed again. Assuming that the district court's judgment constitutes a final decision within 28 U.S.C. § 1291,[1] we reach the merits.

The district court properly concluded that it lacked jurisdiction to review the

---

1. The district court's judgment also arguably constitutes a refusal to grant an injunction within 28 U.S.C. § 1292.

magistrate's decision. The district court has no authority under the Magistrate's Act, 28 U.S.C. § 636, its local rules, *see Matter of Krickemeyer,* 518 F.Supp. 388, (S.D.Fla.1981), or the Extradition Act[2] to review the magistrate's decision. The Eighth Circuit has suggested that in some circumstances a district court may have inherent authority to review a magistrate's order that he would no longer accept a named person as a surety on any bond tendered to him. *Bruno v. Hamilton,* 521 F.2d 114, 116 (8th Cir.1975). We need not decide whether we would accept that proposition in other contexts. We do not accept it here. The statutory scheme in immigration cases permits the matter of release on bail to be brought before either magistrate or district court and does not provide for review by the district court of the magistrate's order. Reading this together with the carefully crafted structure of the Magistrate's Act, which provides for district court review of only particular types of orders, we will not imply an inherent power to review in the situation before us.

▮ We reject the United States' argument that a mandamus should issue to the magistrate. Mandamus is appropriate only in extraordinary cases to remedy a clear usurpation of power or abuse of discretion. *See ACF Industries, Inc. v. Guinn,* 384 F.2d 15, 18 (5th Cir.1967); *Matter of Mackin,* 668 F.2d 122, 130 (2d Cir.1981). The magistrate here applied the correct legal standard, *see Wright v. Henkel,* 190 U.S. 40, 63, 23 S.Ct. 781, 787, 47 L.Ed. 948 (1903) (defendant in extradition case may be released on bail only in "special circumstances"); *Hu Yau-Leung v. Soscia,* 649 F.2d 914 (2d Cir.1981). The magistrate did not clearly abuse her discretion in applying this standard.

The judgment of the district court is AFFIRMED. The petition for writ of mandamus is DENIED.

**2.** There is ample authority for the principle that a magistrate's ultimate decision to extradite or not to extradite is unappealable. See *Matter of Mackin,* 668 F.2d 122, 125–30 (2d Cir.1981) (citing judicial, legislative, and historical materials). This principle strongly suggests that interlocutory decisions made in the course of extradition proceedings should also be unappealable. Although *Aristequieta v. Jimenez,* 274 F.2d 206 (5th Cir.1960) (decision without opinion) (holding that appellate court may review an interlocutory decision of district court made in the course of extradition proceedings) is arguably to the contrary, the court did not address whether the unappealability of an extradition decision implies that an interlocutory decision made in the course of extradition proceedings is likewise unappealable.