**UNITED STATES of America, Appellant,**

v.

**Lui KIN–HONG, a/k/a Jerry Lui, Appellee.**

**No. 96–1386.**

United States Court of Appeals, First Circuit.

Heard May 10, 1996.

Decided May 14, 1996.

Alex Whiting, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, and Susan Hanson–Philbrick, Assistant United States Attorney, Boston, MA, were on brief, for the United States.

Harvey A. Silverglate, with whom Andrew Good and Silverglate & Good, Boston, MA, were on brief, for appellee.

Before TORRUELLA, Chief Judge, and STAHL and LYNCH, Circuit Judges.

PER CURIAM.

Before us is an appeal by the United States from the grant of a petition for a writ of habeas corpus releasing Lui Kin–Hong,

a/k/a Jerry Lui ("Lui"), on bail pending a decision on his extraditability to Hong Kong. We previously stayed the release order and we now reverse the order of the district court and hold that there are at this time no "special circumstances" warranting Lui's release. We do not reach the issue of whether Lui poses a risk of flight.

Lui, formerly a senior officer of the British American Tobacco Co. (HK) Ltd. ("BAT"), is charged in Hong Kong with conspiring to receive and receiving millions of dollars in bribes from Giant Island Ltd. ("GIL"). The bribes were allegedly given for a virtual monopoly on the export of certain cigarettes to the People's Republic of China and to Taiwan. The Hong Kong authorities charge that GIL paid bribes in excess of HK $100 million to a series of BAT executives, including Lui. Other alleged conspirators are also charged with the abduction, torture, and murder of a former GIL shareholder who cooperated with the authorities and, it is said, would have provided evidence of Lui's acceptance of bribes. Lui was away from Hong Kong on a business trip when the Hong Kong authorities sought to question him in April 1994 and he has not returned to Hong Kong since, despite representations from his attorney to the authorities that he would return and consent to be interviewed within several weeks.

At the request of the United Kingdom, acting on behalf of its Crown Colony, Hong Kong, the United States arrested Lui as he disembarked from a plane at Boston's Logan Airport on December 20, 1995. The arrest was for the purpose of extraditing Lui to Hong Kong to face several charges of bribery. At a December 21, 1995 hearing, the government asked that Lui be detained pending completion of the extradition proceedings. The magistrate judge ordered Lui held temporarily pending a full hearing on the motion. Lui filed a cross-motion to be released on conditions. After a hearing, the magistrate judge denied Lui's request to be released on bail. The magistrate judge found both that there were no special circumstances and there was a risk of flight.

On a petition for a writ of habeas corpus, the district court reversed the order of the magistrate judge and released Lui on conditions. The district court held that the reversion of Hong Kong to the People's Republic of China on July 1, 1997 raised complex legal issues that would result in protracted proceedings and presented a "special circumstance" overriding the presumption against bail. The district court also found that there were conditions of release that would adequately ensure Lui's presence at future proceedings. The district court's order granting a release on conditions has been stayed pending this decision. We now reverse the district court and order Lui held pending the resolution of the extradition issue.

■ There is a presumption against bail in extradition cases and only "special circumstances" justify release on bail. *Wright v. Henkel*, 190 U.S. 40, 63, 23 S.Ct. 781, 787, 47 L.Ed. 948 (1903); *Koskotas v. Roche*, 931 F.2d 169, 175 (1st Cir.1991); *United States v. Williams*, 611 F.2d 914, 915 (1st Cir.1979) (per curiam); *Beaulieu v. Hartigan*, 554 F.2d 1, 1 (1st Cir.1977) (per curiam). "Special circumstances" are limited to situations in which " 'the justification [for release] is pressing as well as plain.' " *Williams*, 611 F.2d at 915 (quoting *In re Klein*, 46 F.2d 85, 85 (S.D.N.Y.1930)). "Special circumstances" may include a delayed extradition hearing. *Id.* at 915; *see also United States ex rel. McNamara v. Henkel*, 46 F.2d 84, 84 (S.D.N.Y.1912) ("When the examination day comes and the [government] is not ready to proceed after having had a reasonable opportunity to communicate with the region from whence the request for extradition emanated, it is then time enough to ask for bail."). Other courts have held that such circumstances may also include the raising of substantial claims against extradition on which the relator has a high probability of success, a serious deterioration in the relator's health, or an unusual delay in the appeals process. *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir.1989); *In re Extradition of Siegmund*, 887 F.Supp. 1383, 1385–86 (D.Nev. 1995); *United States v. Taitz*, 130 F.R.D. 442, 444–45 (S.D.Cal.1990). While arguably Lui may ultimately prevail in his challenges to his extradition, the record does not establish probability of success one way or anoth-

er. Similarly, the other two grounds do not obtain.

Lui argues that the complexity of legal issues surrounding the impending change in sovereignty over Hong Kong (namely, whether extradition is authorized if it is the People's Republic of China, and not Hong Kong, which will try Lui) will result in protracted extradition proceedings and that this constitutes a "special circumstance." We do not agree. Lui does not argue that the extradition hearing has yet been unduly delayed. *See Williams,* 611 F.2d at 915; *McNamara,* 46 F.2d at 84. The matter is currently scheduled to be heard on May 28, 1996 before Magistrate Judge Karol. Indeed, Lui states in his brief in this court that "the lower courts have been deciding the issues at as rapid a pace as is practicable." To the extent that there has been some delay, Lui himself is partly responsible, having moved, for example, at the end of April, for a continuance of the hearing which had been scheduled for May 6, 1996.[1] Moreover, there is no reason to believe that the extradition hearing itself will be unusually long. At oral argument before this court, Lui's counsel estimated that the hearing would take two to three days at most, while the government suggested a few hours. Lui has made an insufficient showing that the issues he raises are so complex that the resolution of the extradition issue will be inevitably and exceedingly protracted. *Cf. In re Extradition of Morales,* 906 F.Supp. 1368, 1374–75 (S.D.Cal.1995) ("special circumstances" existed when, after relator already had been held six months, the United States, at the request of the foreign government involved and upon the dismissal of the original complaint for lack of probable cause, filed a new complaint charging a different offense thus delaying conclusion of the matter). The factual record will be further developed at the extradition hearing and it is premature for this court to consider the merits of Lui's claims. Finally, we do not believe that the normal passage of time inherent in the litigation process constitutes a "special circumstance." Should unusual delays transpire, Lui may then renew his bail request.

Thus, we are left with Lui's argument that final resolution of the extradition proceedings (unless in his favor) may not take place before reversion and it is unlikely that there will be a treaty in place allowing his extradition to the People's Republic of China. Under such circumstances, he argues, he could not be extradited after reversion and the United States would be required to release him immediately. However, given the current uncertainty over the future state of foreign affairs[2] with Hong Kong and the People's Republic of China and the possibility (which we do not consider remote) that the federal courts will complete their review of this matter well prior to July 1, 1997, we are reluctant at this time to consider the expected effect of reversion on Lui's extraditability to constitute a "special circumstance."

For these reasons, we reverse the order of the district court releasing Lui on bail and instruct that Lui be held without bail pending the resolution of the extradition issue. This order is without prejudice to Lui's ability to file a new motion for release on bail at some future date should there be a change in circumstances.

*It is so ordered.*

---

1. We also note that on May 6, 1996, Lui filed a motion with the district court entitled Motion for Leave to Amend His Petition for a Writ of *Habeas Corpus* and to Dismiss so Much of His Petition as Seeks Release on Conditions, in which Lui sought "to dismiss so much of his pending petition as seeks his release on conditions, and to vacate [the district court's] April 25, 1996 Order which granted him release on conditions." Had that motion been granted, which it was not, considerable delay would have resulted.

2. Lui's own brief before this court states that "the Senate may yet ratify an agreement with the [People's Republic of China] ... which would provide the necessary assurance of ... protections [for trial or punishment by the People's Republic of China] after the U.K. relinquishes sovereignty over Hong Kong's criminal justice system." While the concession was made in the context of trial or punishment by the People's Republic of China after a surrender to Hong Kong, such an agreement could conceivably cover post-reversion extraditions for offenses committed against Hong Kong.