**UNITED STATES of America**

v.

**Hugo Alvardo ZARATE.**

**No. 07–1745 SKG.**

United States District Court, D. Maryland.

June 22, 2007.

---

Philip Senan Jackson, Office of the United States Attorney, Baltimore, MD, for United States of America.

### *MEMORANDUM*

BREDAR, United States Magistrate Judge.

This action came before the Court on June 7, 2007, for a detention hearing. The defendant, Hugo Alvardo Zarate, had been arrested on June 5, 2007, pursuant to a complaint and warrant of arrest in accordance with 18 U.S.C. 3184 for the purpose of extradition to Mexico. Mr. Zarate, according to the complaint, was sought by Mexican authorities to stand trial for murder, a warrant for his arrest on that charge having been issued February 21, 1996, by Mexican authorities. One day prior to the hearing on June 7, the government submitted a detailed memorandum in which it objected to Mr. Zarate's release on bail (Paper No. 10).

Upon commencement of the hearing, the government advised that it was changing its position in respect to its recommendation that Mr. Zarate be held without bail pending extradition proceedings. The government advised that the Office of the Federal Public Defender, which had been appointed to represent Mr. Zarate, had in its possession a body of documentary evidence, in Spanish, that purported to establish that Mr. Zarate had been tried and exonerated on the underlying charge in a Mexican court. The government consid-

ered the documents to be persuasive as they appeared authentic. Therefore, and to its credit, the government orally withdrew its request that Mr. Zarate be held without bail. It only asked that, in the event that the government subsequently discovered that the underlying charge against Mr. Zarate remained in force, its request for detention could be renewed.

■■■ With government and defense counsel in agreement that Mr. Zarate should be released on conditions, the Court's inclination was to enter such an order. However, orders granting release in international extradition cases run contrary to a powerful presumption against bail in such cases and such relief is granted only under the most unusual and "special" circumstances. See, *Wright v. Henkel,* 190 U.S. 40, 23 S.Ct. 781, 47 L.Ed. 948 (1903); *Yau–Leung v. Soscia,* 649 F.2d 914 (2d Cir.1981); *Beaulieu v. Hartigan,* 554 F.2d 1 (1st Cir.1977); *U.S. v. Williams,* 611 F.2d 914 (1st Cir.1979); *In re Mitchell,* 171 F. 289 (S.D.N.Y.1909). The Court found, however, that given the information available at the time of the detention hearing that the defendant had been officially exonerated of the crime underlying the extradition warrant and given the prospect that confinement for a crime of which the defendant had been acquitted would work a manifest and substantial injustice, there existed "special circumstances" overriding the presumption against bail in extradition proceedings. Accordingly, Mr. Zarate has been released into the custody of his spouse and is to appear before the Court for a status hearing on June 26, 2007, unless the government takes prior action to dismiss the proceedings herein.