NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE NISSIM CORP.,**
*Petitioner.*

---

Miscellaneous Docket No. 973

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida in case no. 04-CV-21140, Judge Paul C. Huck.

---

**ON PETITION**

---

GAJARSA, MAYER, and PROST, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

## ORDER

Nissim Corp. petitions for a writ of mandamus to direct the United States District Court for the Southern District of Florida to vacate its order reappointing David K. Friedland as special master. ClearPlay, Inc. opposes. Nissim replies.

This petition stems from Nissim's motion to enforce a settlement agreement that allowed ClearPlay to create

filters that were compliant with content coding specifications developed by Nissim's subsidiary, CustomPlay, LLC (CustomPlay). With the parties' consent, the district court appointed a special master, Mr. Friedland, to determine whether ClearPlay's filters satisfied the requirements of the Agreement.

The district court adopted the special master's report and recommendation to deny Nissim's motion. In doing so, the court found that the Agreement "grant[ed] Clear-Play discretion to depart from the CustomPlay Specifications . . . when doing so is reasonably necessary, in ClearPlay's reasonable artistic judgment, for the general appreciation or understanding of the motion picture at issue." On appeal, we reversed and remanded for the district court to determine whether ClearPlay's filters substantially comply with the specifications. *See Nissim Corp. v. ClearPlay, Inc.*, 374 Fed. Appx. 987, 992 (Fed. Cir. 2010).

After our decision issued, Nissim took the position that Mr. Friedland's appointment had expired and that he would need to be re-appointed, to which Nissim would not consent. ClearPlay argued that the parties' stipulations with respect to the appointment of Mr. Friedland as a special master was not bound by time or proceeding. After reviewing the order appointing Mr. Friedland, the court agreed with ClearPlay, stating "I don't see anything that's a temporal limitation."

Nissim then moved to vacate the appointment of Mr. Friedland as the special master. At a hearing on the matter, the court stated:

> Right now, Mr. Friedland is the special master. You have a stipulation with regard to those proceedings. He has done phase one.

> He is going to go back, I assume, if that is going to be the result of any discussions that the parties may have. He will have the Federal Circuit opinion. I'm fairly confident that he is going to do his best to look at those filters, look at what his marching orders are from this Court as modified by the Federal Circuit's opinion, and give you all his rulings or his recommendation.
>
> Then we will take the next step. If he rules that all of them are out of compliance, then he'll put that in his report. If I agree with him, I'll accept that report.

Nissim now petitions for a writ of mandamus directing the Southern District of Florida to vacate the "reappointment of the same special master who was appointed as fact-finder in the now-vacated prior proceeding." Mandamus is "a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). Mandamus is "appropriate only in extraordinary cases to remedy a clear usurpation of power or abuse of discretion." *In re Extradition of Ghandtchi*, 697 F.2d 1037, 1038 (11th Cir. 1983). And, a party seeking a writ bears the burden of proving that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

Nissim has not met the exacting standard required for mandamus relief. At the outset, we note that Nissim repeatedly cites an "Order of Reappointment," suggesting that an actual order exists that expressly re-appoints Mr. Friedland as a special master. The document Nissim is referring to, however, is the district court's "Order Denying Motion for Summary Determination," dated September 7, 2010. The district court did not purport to

"reappoint" the special master. The court's comments on the issue were limited to the following:

> As a result, the Court finds that the proper course is to submit the dispute to the Special Master again. Although Nissim appears to object to this course of action, both parties consented to the Special Master, and the Court sees no reason to use a different procedure. Rather the Court finds it will be more efficient and fair to use the same procedure as before, with the results from a representative sample set of filters being presumed to apply to all the filters from which the sample was obtained.

As noted by the district court, the Order Appointing Special Master states "Mr. Friedland is appointed for the specific purpose of determining whether or not the ClearPlay filters released for use with ClearPlay's CP-007 USB Player satisfy the requirements of the parties' Settlement and License Agreement effective November 23, 2005. *Nissim Corp. V. ClearPlay, Inc.* No. 04-21140-CIV, slip op at 2, ¶2 (S.D. Fla. July 8, 2008)." On its face, the Order Appointing Special Master recites no time limit, and a remand by this court does not appear to change this.

In view of this, we cannot say that the court clearly and indisputably abused its discretion in interpreting the appointing order as containing no temporal limitation on Mr. Friedland's services. Additionally, as noted by ClearPlay, the underlying cause of action in this case arises from Nissim's Motion to Enforce. Mr. Friedland was appointed to determine factual issues arising out of that motion. From all accounts, the parties are still going forward on Nissim's motion to enforce. Therefore, Mr. Friedland's services still appear necessary.

Nissim has not shown that its other arguments, e.g., whether the special master would be impartial, could not be raised and addressed on appeal from any final judgment, if appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT


JUN 2 2 2011                          /s/ Jan Horbaly
Date                                  Jan Horbaly
                                      Clerk

cc:  John C. Carey, Esq.
     G. Stephen Long, Esq.                    FILED
     Gregory S. Tamkin, Esq.       U.S. COURT OF APPEALS FOR
                                      THE FEDERAL CIRCUIT

s23                                     JUN 2 2 2011

                                        JAN HORBALY
                                          CLERK