UNITED STATES of America, Appellee,

v.

Craig Arthur LEITNER, Appellant.

No. ——, Docket 86–8009.

United States Court of Appeals,
Second Circuit.

Argued Feb. 20, 1986.

Decided Feb. 21, 1986.

Jack T. Litman, New York City (Litman, Kaufman, Asche & Lupkin, New York City), for appellant.

Reena Raggi, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., Allyne R. Ross, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before OAKES, KEARSE and PRATT, Circuit Judges.

PER CURIAM:

This appeal is from an order of the United States District Court for the Eastern District of New York, 627 F.Supp. 739, Eugene H. Nickerson, Judge, denying bail pending extradition to Israel. Leitner, a United States citizen, was arrested in Israel and charged with various acts of violence against Arabs in 1983–84. He was freed on bail after pledging to cooperate with the Israeli government. After apparently receiving death threats, but before trial, Leitner fled in September 1984 to the United States, where he had grown up. He has lived openly here for about 1½ years, he has a New York City taxi license in his name, has completed a semester at Pace Law School, and has lived with or frequently visited his parents in Queens. Under the Extradition Treaty with Israel, at Israel's request, the Government obtained a provisional arrest warrant in June 1985, but did not arrest appellant until January 15, 1986. Magistrate Scheindlin granted bail on the ground that appellant posed almost no risk of flight, especially given the conditions of the bond imposed, Leitner's lack of prior record, his family ties and the external pressures prompting his flight from Israel. We affirm the district court.

In *Wright v. Henkel*, 190 U.S. 40, 63, 23 S.Ct. 781, 787, 47 L.Ed. 948 (1903), the Supreme Court held that federal courts could grant bail in extradition cases in "special circumstances." The Court's primary concern was that our Government be able to deliver the accused when the nation seeking extradition had complied with the extradition treaty. *Id.* at 62, 23 S.Ct. at 786. In *In re Mitchell*, 171 F. 289, 289 (S.D.N.Y.1909), Judge Learned Hand held that bail should be granted "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." Special circumstances have been found when a prisoner needed to be free to pursue his civil case, *Mitchell*, or when the prisoner was a juvenile and there were no suitable holding facilities for him. *Hu Yau-Leung v. Soscia*, 649 F.2d 914, 920 (2d Cir.), *cert. denied*, 454 U.S. 971, 102 S.Ct. 519, 70 L.Ed.2d 389 (1981). The courts continue to hold that there is a presumption against bail in extradition cases, and that bail can be granted only in "special circumstances," *see id.* at 920; *United States v. Williams*, 611 F.2d 914 (1st Cir. 1979); *United States v. Messina*, 566 F.Supp. 740, 742 (E.D.N.Y.1983), although some courts have noted a trend toward liberalization in bail, at least in the provisional arrest context. *See Messina*, 566 F.Supp. at 742; *Beaulieu v. Hartigan*, 430 F.Supp. 915, 916 & n. 2 (D.Mass.) (citing cases), *vacated in pertinent part*, 554 F.2d 1 (1st Cir.1977).

Like various other extradition treaties, Article XI of the Israel-United States extradition treaty requires a "case of urgency" before a party may apply for an accused's provisional arrest. Regardless whether determination of "urgency" is non-justiciable, as the Government argues, *but see Caltagirone v. Grant*, 629 F.2d 739, 744 n. 10 (2d Cir.1980); *Messina*, 566 F.Supp. at 744–45 (questioning non-justiciability, but giving judicial deference to extraditing government's and this Government's determination of urgency), in this case, as found by the district court, the violent acts of terrorism allegedly involved,

when coupled with any risk of flight warrant the denial of bail. In this sense, "urgency" is not merely temporal in nature. Rather, the term involves other considerations including importance to the country seeking extradition and foreign policy concerns of the United States.

It is true that the treaty parties moved slowly in arresting Leitner, and we take with a grain of salt the Government's claim that it could not locate him, despite the fact that he was driving a taxi and going to law school under his own name and apparently visiting his parents almost every weekend. Judge Nickerson did not explicitly address the urgency question, but he did find that the interest in producing extraditable persons "is magnified where a defendant is charged with acts of terrorism." We agree. Similarly in *Messina,* he treated "urgency" as less related to immediacy than to the importance of the case given the nature of the crime, the risk of flight, and the interests of the countries in extradition. The broader interpretation of the term that takes into account the interests of the treaty parties seems the appropriate one.

Judge Nickerson noted that Leitner had chosen to flee Israel when other alternatives apparently were open to him and that his prior flight, the seriousness of the crimes and the interests of the two governments in extradition weigh strongly against bail. Both governments are pledged to fighting terrorism and they must be evenhanded in their treatment of terrorists. Bail, however, is appropriate in "special circumstances." Even a low risk of flight would not be dispositive. Other than the bond and Leitner's unblemished record in the United States, there are really no "special circumstances" unique to this appellant as in previously decided cases.

We note that Leitner has already been detained a month and that under Article XI of the treaty he "shall" be set at liberty sixty days after his arrest if a request for extradition and proper documentation pursuant to Article X have not by then been received.

Order affirmed.