UNITED STATES of America,

v.

TANG YEE–CHUN, a/k/a "Tang Lamlap," Chan Wai-King, a/k/a "Rita Chan," and Lam Cheung-Yuk, a/k/a "Tammy Lam," Defendants.

No. 87 Crim.Misc. No. 1.

United States District Court, S.D. New York.

April 23, 1987.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City, for the U.S.; Catherine Gallo, Asst. U.S. Atty., of counsel.

Michael Kennedy, Michael Kennedy, P.C., New York City, for defendant Tang.

---

Jay Goldberg, New York City, for defendant Tang.

Richard Ware Levitt, New York City, for defendant Chan.

LASKER, District Judge.

The United Kingdom of Great Britain and Northern Ireland, on behalf of the Crown Colony of Hong Kong, has requested the extradition of Tang Yee-Chun and Chan Wai-King on charges of fraudulent trading and accounting practices, by which numerous investors are alleged to have been defrauded of large sums. Tang and Chan are alleged to have committed the frauds through the America and Panama Finance Company, Ltd., a Hong Kong deposit-taking company which was controlled by Tang and of which Chan was the chief accountant.

On March 5, 1987, prior to the formal extradition request, Magistrate Bernikow of this court issued warrants for the provisional arrest of Tang and Chan under Article VIII of the Treaty of Extradition between the United States and the United Kingdom, 28 U.S.T. 227, 232, T.I.A.S. 8468 (1977), which provides that "[i]n urgent cases, the person sought may ... be provisionally arrested on application through the diplomatic channel by the competent authorities of the requesting Party." On March 6, 1987, Tang and Chan were arrested. On March 10, 1987, they appeared before Magistrate Dolinger for argument on the issues of the validity of the provisional arrest and bail. Magistrate Dolinger reserved decision to afford the parties an opportunity to submit additional papers and to request an evidentiary hearing if they so desired. Tang and Chan later submitted affidavits from their attorneys but not affidavits of their own and they did not request a further hearing. On March 16, 1987, Magistrate Dolinger filed an opinion upholding the validity of the provisional arrest and denying bail. At oral argument on April 20, 1987, the parties stated that the United Kingdom formally requested the extradition of Tang and Chan on April 16, 1987. Tang and Chan now appeal from the denial of bail.[1]

In *Wright v. Henkel*, 190 U.S. 40, 63, 23 S.Ct. 781, 787, 47 L.Ed. 948 (1903), the Supreme Court held that bail should be granted in extradition cases only in "special circumstances." In this case, Tang argues that he should be granted bail on two grounds: first, because the difficulty of defending against extradition while incarcerated constitutes "special circumstances" which warrant bail under *Wright*, and second, because more recent Supreme Court cases have modified the *Wright* presumption against bail in extradition cases.

Addressing the latter argument first, the Court of Appeals for this circuit has given absolutely no indication of retreating from the *Wright* presumption against bail. To the contrary, as recently as last year in *United States v. Leitner*, 784 F.2d 159 (2d Cir.1986), the court indicated that "although some courts have noted a trend toward liberalization in bail," *id.* at 160, the standard to be applied in extradition cases is still the *Wright* "special circumstances" test. *Id.* at 160–61.[2]

Applying the *Wright* "special circumstances" inquiry in this case, it is concluded that Magistrate Dolinger's decision to deny bail to Tang should be affirmed. Tang argues that he has had difficulties in communicating with counsel and in having documents translated because he speaks an unusual Chinese dialect in which few qualified translators are fluent. These difficulties, he claims, compounded by the large number of documents and the complex legal issues in the case against him, cumula-

---

**1.** Tang and Chan originally appealed Magistrate Dolinger's decision on the validity of their provisional arrests as well as the denial of bail. However, the United Kingdom's subsequent formal request for extradition has rendered moot the question of the validity of the provisional arrests.

**2.** Furthermore, the trend toward liberalization of bail in extradition cases has developed in the provisional arrest context. *See Leitner*, 784 F.2d at 160. Here, Tang and Chan are now being held pursuant to the United Kingdom's formal extradition request, which further undercuts their appeal from the denial of bail.

tively amount to "special circumstances" which justify granting bail.

In support of this argument, Tang cites *In Re Mitchell,* 171 F. 289 (S.D.N.Y.1909) (Hand, J.), a case in which Judge Learned Hand granted bail in an extradition case so that the defendant could consult with his attorney on an unrelated civil case. While noting that the Supreme Court in *Wright* has indicated that a court's power to grant bail in an extradition case "should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory," 171 F. at 289, Judge Hand granted bail because

> the hardship here upon the imprisoned person is so great as to make peremptory some kind of enlargement at the present time, for the purpose only of free consultation in the conduct of the civil suit upon which his whole fortune depends.

*Id.* at 289.

In the present case, however, it is concluded that although Tang may face some difficulty, he has not established that he will be unable to defend his extradition suit while incarcerated. From the description of his assets in the papers on this motion, Tang appears to be a wealthy man who can pay for qualified translators. At oral argument, the government also commented that he had been assisted by Cantonese-speaking translators at earlier proceedings and that he appeared to have no difficulty understanding them. It is noted that Tang did not express any difficulties in communication at the argument of the present motion, where he was assisted by a court translator. In sum, Tang has not demonstrated adequately that it is any more burdensome for him to defend his case while detained at the Metropolitan Correction Center than it is for the many other non-English speaking defendants incarcerated there. This is not a case where, as in *In Re Mitchell,* "the requirements of justice are absolutely peremptory" that bail be granted. 171 F. at 290.

Furthermore, Magistrate Dolinger concluded that "there is ample reason to suspect that [Tang] may flee if given the opportunity,"[3] citing as evidence Tang's flight from Hong Kong and his possession of various foreign passports. Tang's attorney, in his opposition papers, argues that Tang left Hong Kong for business reasons, and that no foreign passports were ever found by the government. However, Tang himself has never sworn to these facts in an affidavit, and Tang declined the opportunity to hold an evidentiary hearing on these matters. Moreover, even if it could be concluded that Tang presents a low risk of flight, such a finding would not be a sufficient showing of "special circumstances" in and of itself to justify bail. *See Matter of Extradition of Russell,* 805 F.2d 1215, 1217 (5th Cir.1986); *Leitner,* 784 F.2d at 161; *United States v. Williams,* 611 F.2d 914, 915 (1st Cir.1979). Accordingly, Tang's application for bail is denied.

Defendant Chan has failed even to articulate any special circumstances which would justify bail in her case. Moreover, the government states that the Immigration and Naturalization Service has no record of her presence in the United States, indicating that she may be an illegal alien. Accordingly, Chan's application for bail is also denied.

Magistrate Dolinger's decision to deny bail to Tang and Chan is affirmed.

It is so ordered.

---

**3.** Exhibits to Government's Memorandum of Law in Opposition to Defendant's Motion to Vacate Provisional Arrest Warrant, Exhibit 4, Memorandum and Order of Magistrate Dolinger, p. 10 (March 16, 1987).