**In the Matter of the EXTRADITION OF Felice ROVELLI.**

**Misc. No. 2:97M38(TPS).**

United States District Court,
D. Connecticut.

July 24, 1997.

Laura A. Brevetti, Robert A. Culp, Hubert J. Santos, Santos & Seeley, Hartford, CT, for Felice Rovelli.

John A. Danaher, III, Asst. U.S. Atty., U.S. Attorney's Office, Hartford, CT, for U.S.

### RULING ON RELATOR'S APPLICATION TO BE ADMITTED TO BAIL

SMITH, United States Magistrate Judge.

## I. INTRODUCTION

The decision the court must now make is difficult, difficult because a man's liberty is at stake and difficult because so much about this case is so very clear. It is clear that the prospective extraditee, Felice Rovelli ("Rovelli" or "the relator") is a dedicated husband and father. It is clear that Rovelli is highly regarded, both professionally and personally, by his peers. It is clear that there exists—in the words of the Italian authorities—"strong evidence" of Rovelli's involvement in a bribery scandal of shattering proportions. And, finally, it is clear that the law applicable in this matter is well-settled.

■ There is a strong, and longstanding, presumption against bail in international extradition proceedings. *See Wright v. Henkel,* 190 U.S. 40, 23 S.Ct. 781, 47 L.Ed. 948 (1903). And courts have adhered to this presumption despite recognizing that it is the absolute converse of the bail presumption in domestic criminal cases. *See Beaulieu v. Hartigan,* 554 F.2d 1, 2 (1st Cir.1977) (Unlike the situation for domestic crimes, there is no presumption favoring bail. The reverse rather is the case.) Thus, the relator's opening shot at the hearing—that were he charged with the same crime in the United States he would surely be out on bail—is neither novel nor availing.

In *Wright,* the Supreme Court set forth what has come to be known as the "special circumstances" test, i.e. though bail should not ordinarily be granted in extradition cases, courts are not without power to grant such relief when special circumstances demand it. *Wright,* 190 U.S. at 63, 23 S.Ct. at 787. And the Second Circuit has demonstrated its commitment to this standard. *See United States v. Leitner,* 784 F.2d 159, 160 (2nd Cir.1986) (bail in extradition cases should be granted "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory") (quoting *In re Mitchell,* 171 F. 289, 289 (S.D.N.Y. 1909)).

Rovelli makes two claims: 1.) he argues the special circumstances test is unconstitutional, and 2.) he maintains that even if the court applies this test, the requisite special circumstances exist to justify admitting him to bail.

## II. CONSTITUTIONALITY OF THE SPECIAL CIRCUMSTANCES TEST

■ It should be noted from the outset that extradition proceedings pursuant to treaty are not criminal in nature. *See Martin v. Warden, Atlanta Pen,* 993 F.2d 824, 828 (11th Cir.1993); *Valencia v. Limbs,* 655 F.2d 195, 198 (9th Cir.1981). As this is not a criminal proceeding, the relator's claim that the special circumstances test is unconstitutional in light of modern notions of fundamental fairness and the rights of the *criminally* accused is misplaced, despite the Ninth Circuit's decision in *Parretti v. United States,* 112 F.3d 1363 (9th Cir.1995). This court can discern no reason to elevate precedent from the criminal context, or from a lone Ninth Circuit extradition case, over the clear and longstanding extradition precedent of the United States Supreme Court and the Second Circuit.

■ In short, release on bail, in the extradition context, is only available upon a showing of special circumstances. This standard was set by the United States Supreme Court and has been followed by every court, except the Ninth Circuit in *Parretti,* for the past 90 years; and this court will not now disregard it or brand it unconstitutional.

## III. SPECIAL CIRCUMSTANCES

Rovelli argues that the items discussed below, taken individually or in the aggregate, satisfy the special circumstances test set forth above.

### A. No risk of flight

Mr. Rovelli is blessed with friends and family members who, in addition to vouching for his character under oath, appear willing,

collectively, to post a full-surety bond exceeding $10 million. In other words, those closest to him—those who presumably know him best—have lined up to put their money where their mouths are; and the court does not for one moment doubt the sincerity of their gesture or the wholeheartedness of their belief that Mr. Rovelli would not flee and would comply with subsequent court directives if released on bond.

■ However, this development, though instructive, does not dispose of the question at hand. For ultimately, Rovelli must demonstrate not merely that he is not a flight risk, but that special circumstances exist which justify his being admitted to bail. And that a prospective extraditee does not appear to be a flight risk will not overcome the strong presumption against bail, because the absence of a flight risk does not constitute a "special circumstance". See Leitner, 784 F.2d at 160; see also Salerno v. United States, 878 F.2d 317, 318 (9th Cir.1989); In the Matter of the Extradition of Russell, 805 F.2d 1215, 1216 (5th Cir.1986); United States v. Williams, 611 F.2d 914, 915 (1st Cir.1979); United States v. Hills, 765 F.Supp. 381, 386; United States v. Tang Yee–Chun, 657 F.Supp. 1270, 1272 (S.D.N.Y.1987).

Furthermore, the testimony revealed that Mr. Rovelli's prospective sureties fail to appreciate the gravity of the charges against him. And, as the government stressed, $10 million represents less than three percent of the $446 million judgment Mr. Rovelli's father is accused of ensuring with bribes at the center of this case, and less than one-fourth of the $44.6 million Rovelli admittedly paid to lawyers without even questioning the debt, without so much as an invoice or a bill or a receipt. There can be little doubt that Rovelli has the resources to make his prospective sureties whole should he flee and his bond be forfeited.

In relative terms, the proposed $10 million bond does not persuade the court that Mr. Rovelli would not flee. And, more importantly, even were the court to conclude otherwise, the absence of a flight risk, though a relevant consideration, is not itself a special circumstance justifying release on bond.

### B. Substantial ties to the community

Rovelli, arguably, has ties to the community. Though, at present, he and his family rent a home, he is the process of building a home in Connecticut and has established close personal relationships with his friends in the community. He has been a permanent resident alien in the United States for 15 years. However, it was only recently that he *began* the citizenship process; and this fact casts some doubt, albeit slight, on the sincerity of his interest in becoming a citizen of this country. It is somewhat of a stretch to categorize Rovelli's ties to the community as *substantial;* and, at any rate, however they are categorized, these ties do not rise to the level of a special circumstance.

### C. Not charged with a crime in Italy [1]

The arrest warrant issued by the Italian authorities constitutes a charging document under Italian Law; and Italy's process is not unlike our own process. In the United States, a court issues an arrest warrant based upon a complaint presented by the prosecutor. Pursuant to the warrant, the defendant can be arrested and detained pending indictment. If, ultimately, the government fails to return an indictment within a set period of time, the defendant must be released. Under the Italian approach, rather than simply sign an arrest warrant after a review of evidence in the complaint, the judge writes an opinion, as Judge Rossato did in this case.[2]

The Tribunale's opinion summarizes, clearly, the very substantial probable cause that

---

1. A prospective extraditee's right to controvert the evidence introduced against him by the sovereign seeking his return is "limited to testimony which explains rather than contradicts the demanding country's proof. . . ." *Collins v. Loisel,* 259 U.S. 309, 315–317, 42 S.Ct. 469, 471–472, 66 L.Ed. 956 (1922). Rovelli seeks to mount a challenge to probable cause in his bail application by arguing the alleged lack of probable

cause is a "special circumstance." This argument is premature.

2. The relator implies that because Judge Rossato, in his detailed opinion, notes that the investigation is continuing, this somehow negates the existence of probable cause. It does not.

supports the extradition request. Rovelli paid three lawyers (Pacifico, Acampora and Brevetti) more than $44,000,000, and himself admits that he asked virtually no questions about why the money was owed. The three lawyers have produced no bills—no documents—showing their entitlement to the monies paid to them by Rovelli. The money that was obtained as a result of the civil suit was transferred to Liechtenstein. There were more than 40 secret transfers of the money back to the three lawyers in 1994 and 1995. Finally, the Tribunale concluded "that an overall analysis of the elements indicated by the Judge for Preliminary Investigations brings to light strong, well-founded evidence against Felice Rovelli with reference to the facts as per charge...." Rovelli's claim that he has not even been charged with a crime is not persuasive, and is not a special circumstance justifying his release.

#### D. Swiss authorities refused to extradite on similar charges

■ That Swiss authorities chose not to extradite Rovelli's mother on a similar charge is of little help to the relator. That was a different extradition request, involving a different person, from a different country; and this court will not be bound by the judgment of Swiss authorities.

#### E. Need to consult with counsel

■ Rovelli also claims that he needs to consult with attorneys about this litigation and other pending litigation, and that this is a special circumstance that justifies his release on bail. It is not. *See In the Matter of the Extradition of Smyth,* 976 F.2d 1535, 1536 (9th Cir.1992); *see also In the Matter of the Extradition of Russell,* 805 F.2d 1215, 1217 (5th Cir.1986).

#### F. Home detention

■ Rovelli proposes to turn his home into a personal detention facility, with electronic monitoring and guards paid by him, in effect, asking the court to disregard United States

Supreme Court precedent in view of the superior ability of present-day law enforcement to monitor people released on bail. The availability of electronic monitoring and Rovelli's access to resources sufficient to convert his home into a secure detention facility do not constitute special circumstances. *See United States v. Hills,* 765 F.Supp. 381, 388–89 (E.D.Mich.1991).

#### G. Delay

■ Additionally, the relator has expressed his intention to exhaust every possible remedy at every level of the federal judiciary. The government is correct to note that it is "inappropriate for the relator to promise to generate delay through the lavish expenditure of resources, and thereby lever himself out of detention on the basis that there has been 'too much delay.'"[3] Government's Memorandum of Law in Opposition to Relator Rovelli's Motion to be Admitted to Bail [Document No. 20] at 19.

### IV. CONCLUSION

■ Though there have been cases in which courts concluded the special circumstances test had been satisfied, those cases were narrowly drawn. *See In re Mitchell, supra* at 290; *Salerno v. United States, supra* at 317–318; *Hu Yau–Leung v. Soscia,* 649 F.2d 914 (2d Cir.), *cert. denied,* 454 U.S. 971, 102 S.Ct. 519, 70 L.Ed.2d 389 (1981). This simply is not one of those narrowly drawn cases where special circumstances mandate that the prospective extraditee be admitted to bail.

Italy's interest in this case is significant. Rovelli is charged with paying huge bribes to high-ranking members of the Italian Judiciary. And it is the seriousness of these charges, the importance of our nation's treaty obligations, and the failure of the relator to demonstrate the requisite special circumstances that drives the court to its conclusion

---

3. *See Doherty v. Thornburgh,* 943 F.2d 204, 212 (2d Cir.1991) (eight-year detention upheld, in deportation context, in part because petitioner possessed, from the outset, "the key that unlocks his prison cell." If he agreed to deportation he would not have experienced any of the eight years of detention.)

here. Rovelli's application to be admitted to bail is **DENIED.**