Miguel SALERNO, Petitioner–Appellant,

v.

UNITED STATES of America, United States Attorney General, and United States Marshal for the Eastern District of California, Respondents–Appellees.

No. 89–15646.

United States Court of Appeals,
Ninth Circuit.

Submitted June 29, 1989.

Decided June 29, 1989.

Anthony P. Capozzi, Capozzi & Giovacchini, Fresno, Cal., for petitioner-appellant.

Tommy Hawk, Asst. U.S. Atty., Office of the United States Atty., Fresno, Cal., Linda Candler, Washington, D.C., for respondents-appellees.

Before BEEZER and TROTT, Circuit Judges.

Miguel Salerno appeals from the denial of his petition for a writ of habeas corpus in which he challenges the magistrate's order certifying him extraditable to Australia. On May 4, 1989, the district court denied Salerno's motion for bail pending appeal. He now moves this court for bail pending appeal.

There is a presumption against bail in an extradition case and only "special circumstances" will justify bail. *Wright v. Henkel*, 190 U.S. 40, 63, 23 S.Ct. 781, 787, 47 L.Ed. 948 (1903); *Hu Yau–Leung v. Soscia*, 649 F.2d 914, 920 (2d Cir.), *cert. denied*, 454 U.S. 971, 102 S.Ct. 519, 70 L.Ed.2d 389 (1981). Examples of such circumstances include the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process. *See Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964); *United States v. Williams*, 611 F.2d 914, 915 (1st Cir.1979); *Galante v. Warden*, 573 F.2d 707, 708 (2d Cir.1977).

Salerno has not demonstrated that he is entitled to release under this stan-

dard. Instead, he contends that because he is not a flight risk, he is entitled to bail pending the appeal of the denial of his petition for a writ of habeas corpus. That is not the criteria for release in an extradition case. *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir.1984). We therefore deny his motion for bail pending appeal.