In the Matter of the EXTRADITION of Mehmet Semih SIDALI, a fugitive from Turkey.

Magistrate's No. 94–039A–01.

United States District Court, D. New Jersey.

Nov. 18, 1994.

Andrew O. Schiff, Asst. U.S. Atty., Trenton, NJ, for U.S.

Lisa Van Hoeck, Asst. Federal Public Defender, Trenton, NJ, for Mehmet Semih Sidali.

MEMORANDUM OPINION

HUGHES, United States Magistrate Judge.

This matter comes before the Court upon the Government's application for the detention of Mehmet Semih Sidali. Mr. Sidali has been named in a complaint, pursuant to 18 U.S.C. § 3184, seeking his extradition from the United States to Turkey. He had been convicted in Turkey of raping and murdering a young girl. Through appointed counsel, Mr. Sidali seeks an order setting bail pending an extradition hearing. He claims that there exist special circumstances justifying his release and, in addition, that he poses no risk of flight or danger to the community. A hearing on the matter was conducted on November 18, 1994. A United States Magistrate Judge has jurisdiction over the matter pursuant to 18 U.S.C. § 3184 and D.N.J. Gen.R. 40 B(12).

BACKGROUND

On October 31, 1994, a complaint seeking the extradition of Mr. Sidali was filed with

the Court and a warrant was issued for his arrest. The complaint was supported by the sworn certification of the Assistant United States Attorney and a copy of the Treaty between the United States of America and the Republic of Turkey relating to extradition and mutual assistance in criminal matters. The certification was based upon a review of certain Turkish court records provided under seal by the United States Department of State and upon information provided by the United States Department of Justice, Office of International Affairs.

In essence, the certification reveals that Mr. Sidali was originally found not guilty of the alleged crimes of rape and murder by a two to one vote of the panel of the local criminal court in Turkey. The matter was appealed and the Turkish Supreme Court of Appeals reversed the decision and remanded the case back to the local court. The lower court reaffirmed its ruling, whereupon the case was again appealed. The case was reviewed by the General Boards of the Supreme Court of Appeals. Mr. Sidali was found guilty as charged by a vote of twenty-four of thirty-two judges. Under Turkish law, this decision is final. Mr. Sidali allegedly escaped before sentence was imposed. An absentia warrant was issued by Turkish authorities for Mr. Sidali's arrest on March 29, 1977. The offenses were alleged to have been committed in 1970.

On November 16, 1994, Mr. Sidali was arrested in Trenton, New Jersey, and brought before the Court at which time he was presented with the complaint, advised of various rights, and afforded the legal assistance of the Federal Public Defender.

Counsel for Mr. Sidali sought a continuance of the initial hearing in order to assemble certain information in an effort to demonstrate special circumstances to the Court which would justify release on bail pending a full extradition hearing. Mr. Sidali was remanded pending the continued hearing on November 18, 1994.

*DISCUSSION*

■ It has long been established that the laws relating to release on bail in domestic criminal cases do not apply to extradition proceedings. *Wright v. Henkel,* 190 U.S. 40,

61–62, 23 S.Ct. 781, 786, 47 L.Ed. 948 (1903). It appears equally well established that there exists a presumption against bond in extradition cases and the individual will be released on bail only if he or she can prove "special circumstances". *Martin v. Warden, Atlanta Pen,* 993 F.2d 824, 827 (11th Cir.1993); *Koskotas v. Roche,* 931 F.2d 169, 175 (1st Cir. 1991).

■ Although an accepted definition of "special circumstances" may be elusive, we know that certain conditions do not justify bail consideration. The need to consult extensively with an attorney over complex and important legal matters does not measure up to a "special circumstance". *In re Russell,* 805 F.2d 1215 (5th Cir.1986). Similarly, demonstrated financial or emotional hardship for the individual or his family provides no relief. *Id.* Also, an unusually lengthy period of time between the issuance of a warrant and a request for extradition has been found not to offend due process and, thus, at least inferentially, can be said not to constitute a "special circumstance". *Martin, supra,* 993 F.2d at 828. Even the lack of risk of flight, in itself, does not justify release. *United States v. Williams,* 611 F.2d 914 (1st Cir. 1979).

One court has held that the availability of bail in the country seeking extradition would constitute a "special circumstance." *See, Matter of Extradition of Nacif–Borge,* 829 F.Supp. 1210 (D.Nev.1993). This proposition was subsequently rejected by another court. *See, Matter of Extradition of Rouvier,* 839 F.Supp. 537 (N.D.Ill.1993). Here, the case is distinguishable from both *Nacif–Borge* and *Rouvier* as Mr. Sidali has already been convicted and because it is highly unlikely that he would receive bail in Turkey.

Similarly, the argument that a lack of criminal record coupled with a lengthy extradition process is unavailing to Mr. Sidali. (*See, United States v. Taitz,* 130 F.R.D. 442 (S.D.Cal.1990), where the Court found certain collective factors constituted "special circumstances"). Here again, Mr. Sidali has already been convicted of rape and murder. In addition, there is no reason to believe, at this time, that the extradition process here

will be overly extensive or long in duration. (*See, e.g., Spatola v. United States,* 741 F.Supp. 362 (E.D.N.Y.1990), suggesting that certified copy of conviction established sufficient basis for order of extradition).

Risk of flight, along with danger to the community, are, of course, principal considerations under the Bail Reform Act (18 U.S.C. § 3141, *et seq.*). In addition, there has been some commentary that risk of flight should be the basis for bail determinations in extradition proceedings. *See, Martin, supra,* 993 F.2d at 827, fn. 4, referring to *Some Myths of United States Extradition Law,* 76 Geo.L.J. 1441, 1449 (1988) and *A Recommended Approach to Bail in International Extradition Cases,* 86 Mich.L.Rev. 559 (1987).

Despite the appeal of such an argument, there exists, as far as this Court can discover, no authority for employing anything other than a "special circumstance" test in deciding whether to set bail pending an extradition hearing. Counsel for Mr. Sidali acknowledges that the "special circumstances" test must be applied here.

▮ Mr. Sidali offers the following "special circumstances" which he argues should justify his release:

1. *High Probability of Success*

Mr. Sidali relies upon *Salerno v. United States,* 878 F.2d 317 (9th Cir.1989) which held that the raising of substantial claims with a high probability of success is considered special circumstances justifying bail. He states that since he was acquitted twice by local courts in Turkey and since he was given a document stating that the warrant for his arrest had been rescinded (DA–1 & 2 in evidence), there exists a high probability that he will not be extradited.

2. *Extraordinary Character*

Mr. Sidali claims that his employment history, close family ties, lack of a prior criminal record in this country, and universal community respect demonstrates extraordinary character and that this constitutes a "special circumstance."

The Court finds that these factors, considered either individually or cumulatively, do not constitute "special circumstances" for the following reasons:

1. This Court notes that although *Salerno* cites "high probability of success" as a special circumstance, the Court in that case denied bail because there was no showing of likely success. In any event, here, the Court is confronted with a certification that Mr. Sidali has been convicted of heinous crimes. Under Turkish law, the case is over. The only probable issue for the Court is to determine whether the certified conviction is authentic or whether the document rescinding the warrant (which precedes the absentia warrant by three months) is controlling. However, these issues relate to whether Mr. Sidali should be extradited not whether he should be released on bail. Simply put, at this stage of the proceedings, Mr. Sidali has not demonstrated a high probability of success.

2. Mr. Sidali relies upon *Hu Yau–Leung v. Soscia,* 649 F.2d 914 (2nd Cir.1981), *cert. denied,* 454 U.S. 971[, 102 S.Ct. 519, 70 L.Ed.2d 389] (1981) for the proposition that extraordinary character constitutes a "special circumstance". The *Hu Yau–Leung* court upheld the lower court's finding of "special circumstances" based upon age (16 years), background, and lack of a suitable detention facility. Here, we are not dealing with a juvenile (this single factor may in the appropriate case amount to "special circumstance") and, unfortunately or not, the United States contains a proliferation of suitable federal prison facilities for adult detainees.

Mr. Sidali equates extraordinary character with the nebulous "background" alluded to in *Hu Yau–Leung* and relies upon that as supporting a "special circumstance."

This court rejects the notion that extraordinary character would constitute a "special circumstance" justifying release in a case where the individual has been convicted of rape and murder. Even assuming that Mr. Sidali enjoys the respect and support of his friends and

relatives (as testified to during the hearing) and even assuming that extraordinary character *may* be a "special circumstance" in a suitable case (for example, where the crime is non-violent and the individual has simply been charged and not convicted), the character of Mr. Sidali, in this case, simply does not measure up to a "special circumstance" justifying his release on bail.

Alternatively, the Court finds that despite the fact that the crime occurred almost twenty five years ago and despite the fact that Mr. Sidali has apparently led a crime free existence while in the United States, there exists clear and convincing evidence of risk of flight. (*See, In the Matter of the Extradition of Yechiel Heilbronn*, 773 F.Supp. 1576 (W.D.Mich.1991) finding that even if test more liberal then "special circumstances" were applied, risk of flight would justify detention). First, there is some discrepancy as to when Mr. Sidali entered the United States. He says 1977. The Immigration and Naturalization Service says 1990. Second, although he acknowledges that he lived in Turkey, he at some time ended up in Trenton, with no apparent relative or friend or other justification for being here. Third, and the single most important factor, Mr. Sidali has already been convicted under Turkish law of very serious offenses and he most assuredly faces a significant penalty.

Finally, although the crimes involved here are vicious and depraved, the Court has not yet heard any proofs supporting any conviction and has not yet been provided with sufficient proof of the conviction itself. Accordingly, the Court does not address, nor need it reach in view of the decision in favor of detention, the issue of danger to the community.

*CONCLUSION*

In view of the foregoing, the Court finds that Mr. Sidali shall be detained pending the extradition hearing. Mr. Sidali has failed to demonstrate any "special circumstances" necessary to justify consideration of bail in an extradition matter. Alternatively, the Court finds clear and convincing evidence that Mr. Sidali constitutes a risk of flight,

thereby providing a separate basis for detention.

An appropriate Order accompanies this Memorandum Opinion.

## ORDER

This matter having been opened to the Court on the application of the United States to detain Mehmet Semih Sidali pending an extradition hearing; and the Court having conducted a hearing in open court on November 16, 1994; and the Court having considered all written submissions; and the Court having expressed its reasons for finding that detention is appropriate in the accompanying Memorandum Opinion; and good cause having been shown;

IT IS on this 18th day of November, 1994,

ORDERED that Mehmet Semih Sidali is remanded to the custody of the United States Marshal pending further Order of this Court.