**In the Matter of the EXTRADITION OF Oscar CAMPILLO VALLES.**

**No. Civ. 98MG0511 (JFS).**

United States District Court, S.D. California.

April 27, 1998.

Frank T. Morrell, for Defendant.

Assistant United States Attorney for Republic of Mexico.

**CORRECTED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER DENYING RELEASE ON BAIL PENDING EXTRADITION PROCEEDINGS**

STIVEN, United States Magistrate Judge.

**I.**

***BACKGROUND***

On February 19, 1998, the United States Attorney's Office for the Southern District of California, acting on behalf of the Republic of Mexico, presented to the Honorable Louisa S. Porter, United States Magistrate Judge, a Complaint for Provisional Arrest With A View Towards Extradition in the Matter of Oscar Campillo Valles (hereinafter "Campillo"). The Complaint stated that the Republic of Mexico represented that it would submit a formal request for extradition of Campillo, supported by the documents specified in the extradition treaty enforced between the United States and Mexico. The

Complaint requested that Magistrate Judge Porter issue a warrant, pursuant to Title 18, United States Code, Section 3184 for the provisional arrest of Campillo. The Complaint alleged that Campillo had committed the crimes of Criminal Conspiracy, Clandestine Use of a Runway in Furtherance of the Commission of a Crime, and Drug Trafficking (specifically, Transportation and Importation of Cocaine For Commercial Purchase and Possession) all in violation of the laws of the Federal District of Baja California Sur, Mexico, and the Republic of Mexico. The Complaint also alleged that the conduct of Campillo would constitute drug trafficking and conspiracy under Title 21, United States Code, Section 841(a)(1) and 846. The Complaint further alleged that on January 27, 1996, a District Judge in Baja California Sur, Mexico, issued a warrant for Campillo's arrest for the aforementioned crimes. Magistrate Judge Porter, finding probable cause to exist, signed the Complaint and ordered the provisional arrest warrant be issued.[1]

Campillo was arrested pursuant to the provisional warrant on February 23, 1998.[2] Campillo was brought before United States Magistrate Judge James F. Stiven on February 24, 1998. At that time, the Government moved that Campillo be detained without bail. Magistrate Judge Stiven set a detention hearing to take place on February 27, 1998, which was then on that day continued, at Campillo's request, to March 3, 1998. The detention hearing proceeded before Magistrate Judge Stiven on March 3, 1998, as scheduled, and proffers were made by counsel for the Government and counsel for Campillo. The Court offered Campillo the opportunity to file any supplemental points and authorities in support of his argument for bail, setting a deadline of March 11, 1998, for submission. Defendant's Statement in Support Of Bail was submitted to the Court on March 12, 1998, and has been read and considered by the Court.

## II.

### *THE PROFFERED EVIDENCE*

The proffer made by the Government included evidence that, at times material, Campillo has been associated in some manner with the Arellano–Felix drug cartel and that, specifically, in November 1995, Campillo participated with other members of the Cartel in coordinating and providing security for the receipt of a shipment, by private aircraft, of between 10 and 17 tons of cocaine at an unmarked and unidentified airstrip near La Paz, Baja California Sur, Mexico. The proffer included evidence that at times during the incident in question, Campillo and others involved in the operation were heavily armed and that during the course of the operation certain individuals were threatened and/or harmed and property was damaged or destroyed. The Government proffered that Campillo had at times in the past been employed by or otherwise associated with the Federal Police or other Mexican or Federal District law enforcement agencies and that he maintained close ties with both members of the Arellano–Felix Organization and various policing authorities. Evidence was proffered that Campillo had successfully evaded arrest from the Mexican authorities for over two years after a warrant had been issued for his arrest in January 1996. Pursuant to a duly issued warrant from this Court, a search was conducted in February 1998 of Campillo's residence in San Diego County. The search revealed, among other things, a rolodex containing names and telephone numbers of persons known to be associated with the Arellano–Felix Organization. The search also revealed photographic evidence that Mr. Campillo had possession of, or access to, various weapons, including assault rifles. Finally, the Government's proffer included evidence that Campillo is a Mexican citizen with permanent U.S. resident status with several members of his family residing in Mexico.

---

1. The Complaint was supported by Affidavits of three individuals, namely: Jeffrey N. Thurman, Special Agent with the United States Federal Bureau of Investigation, an unnamed confidential informant, and Jose Luis Esparza Lopez.

2. The present Order corrects the Order [8–1] dated April 22, 1998, which inaccurately reflected the date of arrest as February 19, 1998.

Campillo's counter proffer, including that contained in Defendant's written Statement in Support of Bail, filed on March 12, 1998, included evidence that Campillo has been a legal permanent resident of the United States since December 1978, and that he currently owns a home and operates a legitimate business in Chula Vista, California. Campillo is married to Julieta Campillo, a Mexican citizen, and they have three children, all U.S. citizens. The counter proffer included evidence that Campillo traveled regularly and openly between San Diego and Tijuana during the past two years while an arrest warrant was outstanding in Mexico. The counter proffer also included evidence that Campillo has friends and family members in the United States, and that real property and/or other assets having a total value of approximately $175,000.00 would be available to secure a bond. Finally, the counter proffer included evidence that Campillo's only prior criminal record involved a drunk driving conviction in 1990, for which he successfully completed probation.

## III.

### FINDINGS OF FACT

Based upon the Complaint herein and the competing proffers described above, this Court finds by a preponderance of the evidence as follows:

1. That there is an extradition treaty in force between the United States and Mexico, May 4, 1978, 31 U.S.T. 5059, T.I.A.S. 9656;

2. That the treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending a formal request and supporting documents;

3. That Campillo was duly and legally charged with having committed certain crimes against the laws of the Federal District of Baja California Sur Mexico and the Mexican Republic;

4. That on January 27, 1996, a District Judge in Baja California Sur Mexico, issued a warrant for his arrest for the aforementioned crimes and that the Republic of Mexico will submit a formal request for extradition of Campillo;

5. That the criminal conduct alleged by Mexico against Campillo meets the dual criminality requirement of Article II of the Treaty and the conduct that constitutes drug trafficking and conspiracy under Title 21, United States Code Sections 841(a)(1) and 846, and is an offense for which the maximum term of imprisonment of ten (10) years or more is prescribed by the Controlled Substances Act;

6. That there is probable cause to believe that Campillo committed the crimes that are alleged in the Complaint;

7. That Campillo has, or has had, at times material, association or relationship with members of the Arellano–Felix Organization;

8. That Campillo has or has had, at times material, possession of or access to dangerous weapons;

9. That Campillo has avoided arrest on the warrant issued by a District Judge in Baja California Sur, Mexico, on January 27, 1996, for over two years, despite numerous trips to Mexico for pleasure and on business;

10. That a warrant for provisional arrest of Campillo was issued by Magistrate Judge Porter on February 19, 1998, and Campillo was arrested by the United States Marshal on that date;

11. That on Campillo's first appearance before United States Magistrate Judge James F. Stiven, the United States Attorney for the Southern District of California requested that Campillo be detained pending an extradition hearing and that bail be denied.

## IV.

### CONCLUSIONS OF LAW

1. This proceeding is not a criminal hearing. *In re Extradition of Garcia,* 890 F.Supp. 914, 922 (S.D.Cal.1994). Therefore, the dictates of the Bail Reform Act of 1984 (18 U.S.C. Sections 3141 et seq.) do not *strictly* apply.

2. The Ninth Circuit Court of Appeals has also adopted the position that bail should not usually be permitted in foreign extradition cases absent a showing of "special circumstances." *Salerno v. United States,* 878 F.2d 317, 317 (9th Cir.1989).

3. However, an individual is entitled to be released on bail prior to his extradition hearing unless the Government establishes to the satisfaction of the Court that the individual extraditee is a flight risk or poses a danger to the community. *Parretti v. United States,* 112 F.3d 1363, 1383–84 (9th Cir.), *modified,* 122 F.3d 758 (9th Cir.), *reh'g en banc granted,* 124 F.3d 1186 (9th Cir.1997).

3. In determining whether Campillo presents a risk of flight or danger to the community, the Court will consider the standards governing the release or detention of a defendant in the United States. *See* 18 U.S.C. § 3142. Among other factors, the Court may consider the nature and circumstances of the events as charged in Mexico and the weight of evidence against Campillo as presented in the Complaint and the Affidavits attached to it, although the weight of the evidence is the least important factor in determining whether or not to detain a defendant. *See id.* The Court may consider the seriousness of the offense charged and a range of possible penalties that the extraditee may be facing. *See id.* The Court may also consider evidence concerning an extraditee's past conduct, including any prior criminal convictions and association with known criminals and/or evidence of attempts to avoid arrest. *See id.* The Court may also consider evidence concerning an extraditee's use of or access to dangerous weapons. *See id.* The Court may also consider evidence of Campillo's ties to the community and possibilities of posting security for an appropriate bond. *See id.* The Court may also consider whether there is evidence of any special circumstances which might weigh in favor of pre-hearing release. *Salerno v. United States,* 878 F.2d 317, 317 (9th Cir.1989).

4. Considering all of the above factors, and the standard to be applied in extradition proceedings, this Court concludes that Campillo is a risk of flight and poses a danger to the community. Furthermore, there are no special circumstances that would warrant release on bail at this time. *See Salerno v. United States,* 878 F.2d 317, 317 (9th Cir.1989).

## V.

### ORDERS

*IT IS HEREBY ORDERED* that Campillo be held in custody without bail pending his extradition hearing.

*IT IS FURTHER ORDERED* that Campillo be committed to the custody of the Attorney General or her designated representative for confinement in a correctional facility separate, to the extent practical, for persons awaiting or serving sentences or being held in custody pending appeal. Campillo should be afforded a reasonable opportunity for private consultation with counsel.

*IT IS FURTHER ORDERED* that while in custody, upon ORDER of a Court of the United States or upon the request of an attorney of the United States Government, the person in charge of the correctional facility shall deliver Campillo to the United States Marshal for the purpose of appearances in connection with Court proceedings or any other appearances stipulated to and by Campillo and the United States Government.

*IT IS HEREBY FURTHER ORDERED* that the above Order denying bail shall be without prejudice, upon Campillo bringing additional facts to this Court's attention.

*IT IS SO ORDERED.*