**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LUTHER K. BARNETT, JR.,

        Petitioner-Appellant,

v.

STEVE HARGETT,

        Respondent-Appellee.

No. 98-6363
(D.C. No. 97-CV-1072)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **TACHA**, and **EBEL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter is before us for consideration of petitioner's appeal from a decision of the United States District Court for the Western District of Oklahoma, denying his application for release pending an appeal by the state of a conditional grant of habeas corpus. Pursuant to our earlier remand, the district court has furnished adequate reasons underlying the decision to deny release.

Although the general tenor of petitioner's arguments follows the requirements of the Bail Reform Act, see 18 U.S.C. § 3143(b), release pending appeal of a habeas corpus action is governed by Fed. R. App. P. 23.

"A court reviewing an initial custody determination pursuant to Rule 23(d) must accord a presumption of correctness to the initial custody determination made pursuant to Rule 23(c), whether that order directs release or continues custody. . . ." Hilton v. Braunskill, 481 U.S. 770, 777 (1987). The State's interest in continuing custody will be the strongest where the remaining portion of the sentence to be served is long. See id. Moreover, "[a]lthough the decision of a district court granting habeas relief will have held that the judgment of conviction is infirm, that determination itself may be overturned on appeal before the State must retry the petitioner." Id. at 779.

To warrant release pending review of a petition for writ of habeas corpus, a defendant must demonstrate special circumstances or a high probability of success. See generally Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981) (for

release pending appeal of order denying habeas corpus relief, "a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition"); United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994) (bail in habeas context reserved for "'extraordinary cases involving special circumstances or a high probability of success.'" (citations omitted)); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (in habeas proceeding, to receive bail pending decision on merits, petitioner must show not only substantial claim of law but also existence of "'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interest of justice'"(quoting Aronson v. May, 85 S. Ct. 3 *5 (1964) (Douglas, J., in chambers)); Stow v. Perrill, No. 94-1282, 1994 WL 377629, at **1 (10th Cir. July 20, 1994) (court would review district court's denial of bail pending district court's determination of habeas petition under 28 U.S.C. § 2241 "under a deferential standard, deciding whether petitioner has raised a substantial issue on which he is likely to prevail, and whether exceptional circumstances exist which warrant granting bail").

Here, petitioner does not allege any special or extraordinary circumstances beyond his belief that he will prevail on appeal. See Salerno v. United States, 878 F.2d 317 (9th Cir. 1989) (special circumstances include "the raising of

substantial claims upon which appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process").

Accordingly, we conclude the district court correctly denied release pending appeal.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM