In re the EXTRADITION of: Arturo OROZCO "N" a.k.a. Arturo Orozco Zapiain, Defendant.

No. CR 03–0061–M.

United States District Court, D. Arizona.

May 20, 2003.

Donna Lee Elm, Arturo Orozco Zaplain, Federal Public Defender's Office, Phoenix, AZ, Defendant.

## ORDER

ANDERSON, United States Magistrate Judge.

This matter arises on Defendant's Motion to Quash Provisional Arrest Warrant and Release Defendant (doc. # 8), filed on April 23, 2003. The Government opposes release on any combination of conditions and asserts that the undersigned Magistrate Judge does not have jurisdiction to quash the provisional arrest warrant. Defendant was present and represented by counsel, Donna Lee Elm, at the May 6, 2003 oral argument. The Government was represented by AUSA Reid Pixler. The proceedings were electronically recorded.

For the reasons set forth on the record at the oral argument, the Court FINDS that although a United States Magistrate Judge has jurisdiction to conduct extradition proceedings in the District

of Arizona,[1] a magistrate judge does not have jurisdiction to rule upon a case-dispositive motion, such as, a motion for summary judgment or a motion to involuntarily dismiss a case. See, 28 U.S.C. § 636(b)(1); *United States v. Jose Francisco Reyna–Tapia,* 328 F.3d 1114 (9th Cir.2003)(slip.op.).[2] Moreover, even if a local district rule were to authorize a magistrate judge to rule on a case-dispositive extradition motion, it would be unconstitutional as "inconsistent with the Constitution and laws of the United States." See, *Hajek v. Burlington Northern R.R. Co.,* 186 F.3d 1105 (9th Cir.1999)(local district rule that failure to timely demand reassignment was deemed to be a waiver and consent to magistrate judge jurisdiction in a civil case held invalid to obtain consent under Article III, Section 1 of the Constitution and the Federal Rules of Civil Procedure). Defendant does not argue that extradition proceedings are quasi-civil in nature nor have the parties consented to magistrate judge civil jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court **FURTHER FINDS** that the provisional arrest warrant, Complaint and extradition of Defendant pursuant to the extradition treaty between the United States and Mexico, signed May 4, 1978, 31 UST 5059, are so inextricably intertwined that dismissal of the subject arrest warrant may be tantamount to dismissal of the Complaint issued pursuant to 18 U.S.C. § 3187. If the arrest warrant for Defendant, although executed, were dismissed, it may result in the dismissal, or form the basis for a dismissal, of the subject Complaint, to which the Government objects.

Thus, Defendant's motion may be deemed, in effect, a case-dispositive motion over which the undersigned does not have jurisdiction. This portion of the motion will be referred to a district judge for ruling.

Defendant's motion also seeks the release of Defendant on conditions pending the extradition hearing before Magistrate Judge Mort Sitver on July 1, 2003. The Government opposes his release. Both counsel proceed by proffer and argument.

█ The Court **FURTHER FINDS** that a magistrate judge has jurisdiction to consider releasing a defendant detained on a provisional arrest warrant and complaint seeking extradition to a foreign country pursuant to 18 U.S.C. § 3187. See, Local Rule 1.17(7) and (20).

█ It is well-settled that, unlike the situation for domestic crimes, in foreign extradition cases, there is a presumption against bail. *Wright v. Henkel,* 190 U.S. 40, 63, 23 S.Ct. 781, 786, 47 L.Ed. 948 (1903); *Beaulieu v. Hartigan,* 554 F.2d 1, 2 (1st Cir.1977); *United States v. Leitner,* 784 F.2d 159, 160 (2d Cir.1986); *Salerno v. United States,* 878 F.2d 317, 318 (9th Cir. 1989); *In the Matter of Extradition of Russell,* 647 F.Supp. 1044, 1048 (S.D.Tex. 1986), aff'd, 805 F.2d 1215 (5th Cir.1986); *United States v. Taitz,* 130 F.R.D. 442, 444 (S.D.Cal.1990). The rationale for distinguishing pretrial release in extradition cases from domestic criminal cases in which pretrial liberty is the norm is that extradition proceedings involve the Government's overriding foreign relations interest in complying with treaty obligations

1. See, 18 U.S.C. § 3184; Local Rule 1.17(d)(20), Rules of Practice for the United States District Court for the District of Arizona; *Austin v. Healey,* 5 F.3d 598 (2nd Cir. 1993).

2. "The Federal Magistrates Act .. provides that certain matters (for example, non-dispos-

itive pretrial matters) may be referred to a magistrate judge for decision, (footnote omitted) while certain other matters (such as case-dispositive motions, petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations.(footnote omitted)." *Id.* at 603.

and producing extradited persons. *United States v. Leitner, supra; United States v. Taitz, supra; United States v. Messina,* 566 F.Supp. 740, 742 (E.D.N.Y.1983). As the *Taitz* court explained, "[i]f the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment would have an effect on foreign relations and the ability of the United States to obtain extradition of its fugitives." *Taitz, supra,* 130 F.R.D. at 444; *United States v. Hills,* 765 F.Supp. 381, 385 (E.D.Mich.1991).

"This 'special circumstances' requirement creates a different standard for extradition cases than for federal criminal cases, where bail is granted unless the judicial officer determines that release will not reasonably assure the appearance of the defendant as required. 18 U.S.C. § 3146(a). The additional showing required in extradition belies [the defendant's] claim that bail is one of the remedies and recourses of United States law to which an extraditee is entitled." *Kamrin v. United States,* 725 F.2d 1225, 1228 (9th Cir.1984), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984); *Hu Yau– Leung v. Soscia,* 649 F.2d 914, 920 (2d Cir.1981), *cert. denied,* 454 U.S. 971, 102 S.Ct. 519, 70 L.Ed.2d 389 (1981) (citing, *Wright v. Henkel, supra,* 190 U.S. at 62, 23 S.Ct. at 786, *Beaulieu v. Hartigan,* supra, 554 F.2d at 2; *United States v. Williams,* 611 F.2d 914 (1st Cir.1979)).

After considering the proffers and arguments of counsel, the Court **FURTHER FINDS** that the absence of Defendant being a flight risk, Defendant's desire to take the dental board examination, that Defendant may have naturalization proceedings pending, and that the criminal charge in Mexico is a bailable offense do not, individually or collectively, constitute special circumstances to warrant Defendant's release from custody at this time.

Accordingly,

**IT IS ORDERED** bifurcating the subject motion and referring Defendant's Motion to Quash Provisional Arrest Warrant (doc. # 8–1) to the Clerk for random assignment to a United States District Judge for ruling.

**IT IS FURTHER ORDERED** that Defendant's bifurcated Motion for Release (doc. # 8–2) is **DENIED**.