In the MATTER OF the EXTRADI-TION OF Adam Kazimierz ANTO-NOWICZ, T/N Adam Scheller, a Fugitive from the Government of the Republic of Poland.

Case No. CV 17–00861 R (AFM)

United States District Court,
C.D. California.

Signed 03/27/2017

John J. Lulejian, Office of US Attorney, Los Angeles, CA, for Plaintiff.

Manuel A. Medrano, Medrano and Carlton, Pasadena, CA, for Defendant.

## ORDER DENYING APPLICATION FOR RECONSIDERATION OF DETENTION ORDER

ALEXANDER F. MacKINNON, UNITED STATES MAGISTRATE JUDGE

Poland seeks extradition of fugitive Adam Kazimierz Antonowicz for two counts of passport fraud. On February 6, 2017, the government lodged Poland's formal request for Antonowicz's extradition. (ECF No. 18.) The immigration hearing is scheduled for May 3, 2017. Following his arrest, Antonowicz was detained at his initial appearance on January 25, 2017. Antonowicz filed an application for reconsideration of the Court's detention order on February 13, 2017 with an initial supporting memorandum. (ECF No. 14, 14–1.) After a hearing on the application, he filed a supplemental brief in support of his reconsideration request. (ECF No. 24.) The government opposes the application. (ECF Nos. 20, 25, 27.) As set forth herein, the Court DENIES the application for reconsideration.

\* \* \* \* \* \*

"[T]here is a presumption against bail in an extradition case and only 'special circumstances' will justify bail." *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1989) (citing *Wright v. Henkel*, 190

U.S. 40, 63, 23 S.Ct. 781, 47 L.Ed. 948 (1903)); *see also Matter of Extradition of Smyth*, 976 F.2d 1535, 1535–36 (9th Cir. 1992); *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir. 1984). The fugitive has the burden of showing that special circumstances exist. *See Salerno*, 878 F.2d at 317. "Once special circumstances are shown, [the fugitive] must also demonstrate that he or she will not flee or pose a danger to any other person or to the community." *In re the Extradition of Kyung Joon Kim*, 2004 WL 5782517 (C.D. Cal. July 1, 2004).

Antonowicz did not attempt to make a showing of special circumstances at his initial appearance and was therefore detained. (ECF No. 7.) When he initially applied for reconsideration of the detention order, Antonowicz again did not address the requirement of special circumstances. (ECF No. 14, 14–1.) At the hearing on the application, the parties discussed the issue of special circumstances, and the Court ordered further briefing that specifically addressed that prerequisite for consideration of bail. (ECF No. 21.)

Antonowicz now makes two fundamental arguments regarding the special circumstances requirement: (1) the requirement is unconstitutional, and (2) special circumstances in this case justify his release on bond. The Court finds neither argument persuasive.

### 1. The Special Circumstances Requirement Is Not Unconstitutional.

■ Antonowicz asserts that "the 'special circumstances' doctrine, to the extent it creates a presumption against bail based solely on an individual's status as extraditee, is unconstitutional under the Due Process Clause, the Excessive Bail Clause, and the Equal Protection Clause of the Fourteenth Amendment." (ECF No. 24 at

5.) He argues that there is no rational basis for a presumption against bail for a person in an extradition proceeding and that the special circumstances doctrine creates disparate treatment based on factors not related to the purposes of bail. (*Id.* at 6.) Antonowicz further contends that a presumption against bail cannot be justified by reference to an interest in peaceful international relations. (*Id.*)

Both Antonowicz and the government agree that courts of appeal across the country, including the Ninth Circuit, have consistently held that there is a presumption against bail in extradition and that bail should be considered only if the fugitive first shows special circumstances. *See, e.g., Matter of Requested Extradition of Kirby*, 106 F.3d 855, 858 (9th Cir. 1996); *Salerno*, 878 F.2d at 317; *United States v. Leitner*, 784 F.2d 159, 160–61 (2d Cir. 1986); *In re Extradition of Ghandtchi*, 697 F.2d 1037, 1038 (11th Cir. 1983); *United States v. Williams*, 611 F.2d 914 (1st Cir. 1979) (per curiam). No case has been cited in the parties' briefing where a federal court has declined to apply the special circumstances requirement in an extradition proceeding. The rule traces its origin to the Supreme Court's decision in *Wright v. Henkel*, 190 U.S. 40, 62, 23 S.Ct. 781, 47 L.Ed. 948 (1903). According to the Ninth Circuit, the Court in *Wright* "recognized that there is a presumption against bail in an extradition case and only 'special circumstances' will justify bail." *Kirby*, 106 F.3d at 858.

A number of courts have considered and rejected challenges that the presumption against bail and the requirement of special circumstances in extradition cases violate the Eighth Amendment. *See, e.g., Matter of Extradition of Russell*, 805 F.2d 1215, 1217 (5th Cir. 1986); *In re Extradition of Johnson*, 2012 WL 3929811 at *2–4 (W.D. Pa. Sept. 7, 2012); *In re Extradition of*

*Garcia,* 615 F.Supp.2d 162, 168 (S.D.N.Y. 2009). As the *Garcia* court recognized, treaties which govern extradition cases are on an equal footing with the Eighth Amendment as a result of the Supremacy Clause of the United States Constitution (art. IV, cl. 2). 615 F.Supp.2d at 168. "It follows that the Eighth Amendment's admonition concerning the need to set reasonable bail in criminal cases cannot trump the Treaty." *Id.* at 168–69.

As to Antonowicz's due process and equal protection challenges, the case law explains that the presumption against bail in extradition cases (and the associated requirement of special circumstances) furthers "the paramount interest of the United States in delivering an accused to a treaty partner seeking extradition." *Johnson,* 2012 WL 3929811 at *2 (rejecting a Fifth Amendment challenge to the special circumstances rule); *see also Matter of Extradition of Nacif–Borge,* 829 F.Supp. 1210, 1214 (D. Nev. 1993) ("in foreign extradition cases, a presumption against bail exists due to the foreign relations interest of the United States in successfully returning persons subject to criminal prosecution to the requesting country"). The inherent risk of flight that exists with fugitives whose extradition is being sought and the United States' significant interest under extradition treaties and international relations in general are balanced against the individual's interest in liberty pending an extradition hearing. As reflected in decades of federal court decisions, that balance is properly made in the special circumstances test. *Cf United States v. Salerno,* 481 U.S. 739, 750–51, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (discussing balance of rights in rejecting due process challenge to the Bail Reform Act

of 1984).[1] Moreover, a rational basis exists for treating fugitives subject to extradition differently than those charged with domestic crimes: The United States' foreign policy interests and its treaty obligations do not exist in domestic criminal cases, and they justify a different treatment for persons subject to extradition compared to those charged with domestic crimes. *See Wright,* 190 U.S. at 62, 23 S.Ct. 781 ("The enforcement of the bond, if forfeited, would hardly meet the international demand; and the regaining of the custody of the accused obviously would be surrounded with serious embarrassment.")

For these reasons, the Court concludes that requirement that a fugitive in an extradition proceeding must show special circumstances as a precondition to consideration of bail does not violate the Eighth Amendment, the Due Process Clause or the Equal Protection Clause.

### 2. Antonowicz Has Failed to Meet His Burden to Establish Special Circumstances.

■ As recognized in Antonowicz's supplemental brief, he has the burden of establishing special circumstances. If he shows that special circumstances exist, he then must demonstrate that he will not flee or pose a danger to any other person or community. (*See* ECF No. 24 at 6, citing *Nacif–Borge,* 829 F.Supp. at 1215). While precedent does not precisely identify all circumstances that may be deemed "special," cases have established guidelines for evaluating this issue. As the term itself suggests, special circumstances are "extraordinary and not factors applicable to all defendants facing extradition." *Matter of Extradition of Maniero,* 950 F.Supp. 290, 294 (S.D. Cal. 1996). This "is a more

---

1. The Bail Reform Act does not apply to international extradition proceedings. *See Nacif–Borge,* 829 F.Supp. at 1213; *United States v.* *Hills,* 765 F.Supp. 381, 385 n.5 (E.D. Mich. 1991).

demanding standard than that for ordinary accused criminals awaiting trial." *Hu Yau–Leung v. Soscia,* 649 F.2d 914, 920 (2d Cir. 1981). And it has long been recognized that the special circumstances exception "should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." *In re Mitchell,* 171 F. 289, 290 (S.D.N.Y. 1909).

Antonowicz asserts a number of factors that he claims establish special circumstances in his case. Each is addressed below.

■ *Delayed Extradition Hearing.* The Ninth Circuit has identified unusual or excessive delay in the extradition process as a special circumstance. *See Salerno,* 878 F.2d at 317; *Kirby,* 106 F.3d at 863. Antonowicz contends that there will be excessive delay in this proceeding because the time from arrest to the extradition hearing will be as much as four months, with the possibility of an appeal after that. The Court disagrees that this constitutes a special circumstance. For delay to qualify, it would have to be something beyond what all defendants face in extradition. The schedule set by the Court in this case is not unduly lengthy, and Antonowicz has never objected or sought a more expedited timing. The seven month delay referenced in *Matter of Extradition of Morales,* 906 F.Supp. 1368, 1374 (S.D. Cal. 1995), is not comparable. In that case, seven months had passed during which there had been protracted proceedings and a change in the responsible judicial officer. At the time of the decision in *Morales* finding special circumstances, the government had recently filed a new complaint and changed the charges for which it was seeking extradition—which necessarily meant additional delay before an extradition hearing and resolution in the district court. The schedule in the present case is set to proceed

much more rapidly and has no delay outside the progression of a typical extradition. If Antonowicz eventually appeals, that is a choice he will make and will control.

■ *Availability of Bail in Poland.* Antonowicz relies on a declaration from a Polish attorney for the proposition that he would not be detained under the laws of Poland based on the passport fraud charges pending against him. Antonowicz points to two district court decisions that rely on this as a special circumstance, but the government has cited contrary authority—particularly *In re the Extradition of Kyung Joon Kim,* 2004 WL 5782517 at *2 (C.D. Cal. July 1, 2004). In *Kim,* the court analyzed *In re Extradition of Siegmund,* 887 F.Supp. 1383, 1386–87 (D. Nev. 1995), and *Matter of Extradition of Rouvier,* 839 F.Supp. 537, 540–41 (N.D. Ill. 1993), and found these cases to be better reasoned in their rejection of the availability of bail in the extraditing country as a special circumstance. *See id.* The court in *Kim* determined such an argument for bail would be "unworkable and would undermine the special circumstances requirement." *Id.* The Court agrees with the rationale of the *Kim* decision and finds that the availability of bail in the extraditing country is not a special circumstance. The government also contests whether Antonowicz would in fact be released on bail in Poland and has submitted two declarations addressing this issue. (*See* ECF No. 25 at 25; ECF No. 27.) The parties' conflicting proof about how bail would be handled in Poland highlights how Antonowicz's theory presents an unworkable task and one that does not address the primary goal of the extradition proceeding, which is to deliver the fugitive to the extraditing country. *See Kim,* 2004 WL 5782517 at *3 ("this Court would need to conduct a 'searching review[ ]' of the laws of Korea to determine whether the charged offenses would be bailable in Ko-

rea as applied to Kim, an unworkable and impractical task"); *Siegmund*, 887 F.Supp. at 1387 ("the concern in an international extradition case is not to mirror the internal bail practices of the requesting country, but, rather, to deliver the extradite to that country").

■ *Availability of Bail in the United States.* Relying on *In re Gannon*, 27 F.2d 362 (E.D. Pa. 1928), and two cases under the Bail Reform Act, Antonowicz argues that special circumstances exist because he would be released on bail if he had been charged with passport fraud under U.S. law. This argument, however, improperly conflates the rules governing bail in domestic criminal cases with those to be applied in an international extradition proceeding. As noted above, the Bail Reform Act does not apply in the extradition setting. *See Nacif-Borge*, 829 F.Supp. at 1213; *Hills*, 765 F.Supp. at 385 n.5. The extradition standard "is a more demanding standing than that for ordinary accused criminals awaiting trial." *Yau-Leung*, 649 F.2d at 920. As a result, a number of courts have declined to follow *Gannon* on the ground that it conflicted with the current state of the law in extradition cases. *See Matter of Extradition of Sutton*, 898 F.Supp. 691, 695 (E.D. Mo. 1995) (discussing cases). *Gannon* has also been limited to its unique facts, where a key witness had to travel a long distance to attend the extradition hearing, thereby causing a substantial delay in the hearing. *See Sutton*, 898 F.Supp. at 695. That is not a factor in the present case. Thus, the Court concludes eligibility for bail for a comparable crime committed in the United States does not present a special circumstance.

■ *Pending Immigration Proceeding.* Antonowicz contends that the existence of a pending immigration removal proceeding constitutes a special circumstance that justifies his release on bail. According to his brief, Antonowicz was arrested by U.S. immigration officials in December 2014 for overstaying his visa. The next hearing in the immigration matter is scheduled for June 9, 2017. Antonowicz cites three cases where the issue of pending litigation has been discussed as a special circumstance. That authority, however, does not compel the conclusion that special circumstance exists in this case. One of the cases, *U.S. v. Hills*, held that pending civil litigation by itself did not constitute a special circumstance. 765 F.Supp. at 388. In a second case, *Extradition of Kirby*, the other pending litigation was a class action in which a district court had enjoined all extraditions. 106 F.3d at 864. And in the third case, *In re Mitchell*, the extraditee was released on bail only for the limited period time necessary to participate in a lawsuit involving his entire fortune. 171 F. 289, 290 (S.D.N.Y. 1909). Significantly, none involved immigration proceedings as the other litigation.

The government, on the other hand, cites two cases that rejected claims of special circumstances based on pending immigration removal proceedings. *See Matter of Extradition of Ramos*, 2015 WL 4748821 at *6 (D. Colo. Aug. 11, 2015); *In re Extradition of Orozco*, 268 F.Supp.2d 1115, 1116–17 (D. Ariz. 2003). Moreover, although Antonowicz has submitted a declaration from his immigration attorney regarding what will happen if Antonowicz cannot attend the upcoming immigration hearing, the government's declaration reports that (i) the upcoming immigration hearing is a status conference; (ii) the immigration judge is aware of Antonowicz's status in federal custody; and (iii) if Antonowicz does not attend the June status conference, the removal proceedings will be administratively closed—but may be reopened if Antonowicz is able to attend future immigration proceedings after this

extradition matter has been completed. (ECF No. 25 at 25, ¶ 2.) In light of these circumstances and the absence of authority granting bail because of pending removal proceedings, the Court finds that existence of the immigration case does not constitute a special circumstance.

■ *Burden on Fugitive's Family.* In addressing this factor, Antonowicz first refers to his ability to obtain bail under Polish law. But as discussed above, reliance on that standard for bail does not establish special circumstances. Antonowicz also cites *In re Extradition of Molnar*, 182 F.Supp.2d 684 (N.D. Ill. 2002), for the proposition that excessive burden on the fugitive's family provides a special circumstance in favor of bail. *Molnar's* holding, however, is not nearly as broad as Antonowicz suggests. That decision was expressly limited to bail during the period after the defendant was provisionally arrested but before a formal request for extradition was presented by the foreign government: "Our ruling specifically deals with an arrest under a provisional arrest warrant where it is appropriate to employ a more liberal standard of review for the existence of 'special circumstances.' When the official and regular diplomatic request for extradition is presented and filed, a narrower and more stringent standard of review as to the existence of 'circumstances' will apply . . . ." 182 F.Supp.2d at 689. *Molnar's* discussion of a "more liberal standard" for the time preceding a formal extradition request has no application here; Poland's formal request to extradite Antonowicz was received more than six weeks ago and before his application for reconsideration. Indeed, in discussing what constitutes special circumstances, the court in *Molnar* noted that—other than in the provisional arrest setting—family financial obligations and hardships do not rise to the level of special circumstances that

would merit release on bail. *Id.* Other courts have similarly found that financial and emotional issues are not special circumstances weighing in favor of bail. *See Matter of Extradition of Drumm*, 150 F.Supp.3d 92, 99–100 (D. Mass. 2015); *In re Extradition of Beresford–Redman*, 753 F.Supp.2d 1078, 1088–89 (C.D. Cal. 2010). The Court does not intend to understate the financial and emotional burdens that detention causes, but those burdens are "present in almost all cases and therefore [do] not constitute a 'special circumstance.'" *Russell*, 805 F.2d at 1217; *see also Smyth*, 976 F.2d at 1535–36 (special circumstances are "extraordinary" and not factors applicable to all incarcerated defendants).

*Likelihood of Success on Merits at Extradition Hearing.* Antonowicz relies on a declaration from his Polish attorney to argue that there are procedural problems with the extradition request. The government responds with a letter from the Polish Prosecutor's Office that the passport fraud offenses against fugitive are viable and not barred by the statute of limitations. (ECF No. 25 at 26, 28.) At this point, Antonowicz has not attempted to show a lack of probable cause. On the basis of the current record and in light of the extraditee's burden to show special circumstance, the Court finds that Antonowicz has not shown a likelihood of success on the merits at the extradition hearing at this time.

*Consideration of Cumulative Effect of the Factors.* The Court has found that factors cited by Antonowicz do not individually show special circumstances. It is the Court's conclusion that most of these are not the type of factors that can legally qualify as special circumstances. That conclusion does not change when the factors are considered as a group. For the other factors, Antonowicz's showing was factually weak and did not approach clearing the

high bar of showing special circumstances. In his brief, Antonowicz focuses on availability of bail in Poland and his pending removal proceedings as factors that are special when considered together. As discussed above, the Court has rejected the "bail in Poland" factor as a legitimate theory for special circumstances. And the "removal proceeding" factor is not supported by case law or facts that would demonstrate special circumstances. Accordingly, the Court finds that all of these factors taken together do not show special circumstances.

## CONCLUSION

The Court has found there are no special circumstances at this time justifying Antonowicz's release on bail. As such, the Court need not address the issue of flight risk or danger to the community, since without special circumstances, bail in an extradition proceeding is not available. Accordingly, Antonowicz's application for reconsideration is denied.